# EXHIBIT A



Not Reported in B.R. Page 1
Not Reported in B.R., 2002 WL 1008240 (Bkrtcy.S.D.N.Y.)
**(Cite as: 2002 WL 1008240 (Bkrtcy.S.D.N.Y.))**


Related Andrews Newsletter Articles
Only the Westlaw citation is currently available.
United States Bankruptcy Court, S.D. New York.
In re: ENRON CORP., et al. Debtors.
**No. 01-16034 (AJG).**

May 17, 2002.

ORDER LIFTING AUTOMATIC STAY, TO THE
EXTENT APPLICABLE, TO PERMIT PARTIES
TO THE DEBTORS' DIRECTORS AND OFFI-
CERS LIABILITY INSURANCE AND ERISA FI-
DUCIARY LIABILITY INSURANCE POLICIES
TO EXERCISE CONTRACTUAL RIGHTS
THEREUNDER

GONZALEZ, Bankruptcy J.

**\*1** Upon the motion, dated March 20, 2002 (the
"AEGIS Motion"), filed by Associated Electric &
Gas Insurance Services Limited ("AEGIS") for an
order for relief from the automatic stay, to the extent
applicable, to permit AEGIS to pay and/or advance
under Directors and Officers Liability Insurance Pol-
icy No. D0079A1A098 ("D & O Policy") and/or Fi-
duciary and Employee Benefit Liability Insurance
Policy No. F0079A1A99 ("ERISA Fiduciary Policy,"
and, together with the D & O Policy, the "Policies")
covered Defense Costs <sup>FN1</sup> incurred with respect to
certain lawsuits and other proceedings by certain pre-
sent and former officers and directors of Enron Corp.
and certain of its affiliated debtor entities (collec-
tively, the "Debtors") and by certain of the Debtors'
present and former officers, directors, Employee
Benefit Plan committee members, and certain trus-
tees, fiduciaries, and employees in their capacities as
ERISA fiduciaries or plan administrators against
whom Claims (as defined in the Policies) have been
or will be asserted, to the extent AEGIS determines
such Defense Costs are covered or owing under the
Policies and each of the Insureds executes a written
Undertaking to repay any advanced monies if it ulti-
mately is determined that the Insureds are not entitled
to coverage for such advanced monies, all as more
fully set forth in the AEGIS Motion; and upon the
Motion, dated March 21, 2002 (the "Outside Direc-
tors Motion", and together with the AEGIS Motion,
the "Motions"), filed by certain present and former

directors of Enron Corp. (the "Outside Directors") for
an order for relief from the automatic stay, to the ex-
tent applicable, to permit payment by AEGIS, in ac-
cordance with the terms and conditions of the Poli-
cies, of covered Defense Costs incurred and to be
incurred by the Outside Directors; and it appearing
that the Court has jurisdiction to consider the Mo-
tions; and it appearing that due notice of the Motions
has been given and no further notice need be given;
and a hearing on the Motions having been held before
this Court on April 11, 2002 (the "Hearing"), at
which time all interested parties were offered an op-
portunity to be heard with respect to the Motions; and
the Court having reviewed and considered (i) the
Motions, (ii) the objections thereto, and (iii) the ar-
guments of counsel made at the Hearing; and upon
the record of the Hearing, and the ruling of the Court
in reference to the Motions at the conclusion thereof
(the "Court Ruling"); and good and sufficient cause
appearing;

> FN1. Capitalized terms used but not defined
> herein shall have the meanings assigned to
> such terms in the AEGIS Motion.

IT IS HEREBY ORDERED THAT:

1. The AEGIS Motion is granted as provided herein.

2. The Outside Directors Motion is granted as pro-
vided herein.

3. The automatic stay hereby is lifted, to the extent
applicable, to permit the parties to the D & O Policy
to exercise whatever contractual rights they may have
under the D & O Policy, subject to a full reservation
of defenses and rights of AEGIS under the D & O
Policy and applicable law and other standard condi-
tions including an Undertaking as provided under the
D & O Policy.

**\*2** 4. The automatic stay hereby is lifted, to the extent
applicable, to permit the parties to the ERISA Fiduci-
ary Policy to exercise whatever contractual rights
they may have against the $10 million separate limit
as provided under the terms of Endorsement 13 of the
ERISA Fiduciary Policy, subject to a full reservation

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in B.R.
Not Reported in B.R., 2002 WL 1008240 (Bkrtcy.S.D.N.Y.)
**(Cite as: 2002 WL 1008240 (Bkrtcy.S.D.N.Y.))**

Page 2

of defenses and rights of AEGIS under the ERISA Fiduciary Policy and applicable law and other standard conditions including an Undertaking as provided under the ERISA Fiduciary Policy.

5. Nothing in this Order shall modify or alter the contractual rights and obligations provided for under the terms and provisions of the Policies.

6. This Order is without prejudice to the right of AEGIS or the Outside Directors to file motions for additional relief from the automatic stay in the future and to any party's right to oppose any such motions.

7. Nothing in this Order shall preclude the Debtors from seeking payment of defense costs from AEGIS under the D & O Policy and the ERISA Fiduciary Policy to the extent that such payments are permitted under the terms of such Policies, subject in all respects to all defenses and rights of AEGIS under the D & O Policy and the ERISA Fiduciary Policy and applicable law.

8. Nothing in this Order shall modify or alter the rights, if any, of AEGIS or any insured under the Policies that may exist pursuant to, or as a result of, the Court Ruling.

9. This Order takes effect immediately upon its entry.
17 NO. 12 Andrews Del. Corp. Litig. Rep. 12 17 NO. 12 Andrews Del. Corp. Litig. Rep. 12 17 NO. 12 Andrews Del. Corp. Litig. Rep. 12 17 NO. 12 Andrews Del. Corp. Litig. Rep. 12 12 NO. 32 Andrews Ins. Coverage Litig. Rep. 5 13 NO. 7 Andrews Ins. Coverage Litig. Rep. 12 17 NO. 12 Andrews Del. Corp. Litig. Rep. 12 12 NO. 32 Andrews Ins. Coverage Litig. Rep. 5 13 NO. 7 Andrews Ins. Coverage Litig. Rep. 12 17 NO. 20 Andrews Off. & Dir. Liab. Litig. R. 7 18 NO. 12 Andrews Off. & Dir. Liab. Litig. R. 12 17 NO. 12 Andrews Del. Corp. Litig. Rep. 12 12 NO. 32 Andrews Ins. Coverage Litig. Rep. 5 13 NO. 7 Andrews Ins. Coverage Litig. Rep. 12
  Related Andrews Newsletter Articles(Back to Top)
17 NO. 20 Andrews Off. & Dir. Liab. Litig. R. 7 18 NO. 12 Andrews Off. & Dir. Liab. Litig. R. 12 17 NO. 12 Andrews Del. Corp. Litig. Rep. 12 12 NO. 32 Andrews Ins. Coverage Litig. Rep. 5 13 NO. 7 Andrews Ins. Coverage Litig. Rep. 12

Bkrtcy.S.D.N.Y.,2002.

In re Enron Corp.
Not Reported in B.R., 2002 WL 1008240 (Bkrtcy.S.D.N.Y.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.