# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In the matter of )
)
LERNOUT & HAUSPIE SPEECH )
PRODUCTS N.V., et al., )  Case No. 00-4397 (JHW)
)  through 00-4399 (JHW)
Debtors. )

United States Bankruptcy Court
824 Market Street - Sixth Floor
Wilmington, Delaware

Tuesday, May 8, 2001
11:35 a.m.

BEFORE:  HONORABLE JUDITH H. WIZMUR,
United States Bankruptcy Judge

TRANSCRIPT OF PROCEEDINGS

WILCOX & FETZER
1330 King Street - Wilmington Delaware  19801
(302) 655-0477



WILCOX & FETZER LTD.

1    depending on the practical implications of the coverage,

2    specifics of the coverage, so it is important to

3    understand the specifics of this coverage and this

4    coverage, as we discussed in the course of argument,

5    breaks down into three forms of coverage.

6            The first, and, frankly, by order of

7    payment under endorsement 25 the first priority as well

8    is the direct liability coverage to the directors and

9    officers.

10           Indeed, counsel for AXA is correct to

11   reflect that that is a present interest in the proceeds

12   that is established on the face of the policy without

13   question.

14           Secondly, in terms of reimbursement

15   coverage to the debtor for presumably payments made to

16   directors and officers for indemnification or otherwise,

17   and we have had acknowledged rejection by the debtors of

18   the prospect of any such indemnification to the directors

19   and officers, that those kinds of claims would be

20   considered prepetition unsecured claims and would have no

21   special place for payment in the scheme of the debtors at

22   this point.

23           Third, there is entity coverage for

24   securities claims, and we have discussed, and I agree

1  claims.

2      Let me situate the factual predicate of

3  this, of an argument advanced by the creditors' committee

4  to reflect that on this record I cannot accept the

5  creditors' committee's contention that endorsement 31,

6  which deals exclusively with entity coverage for

7  securities claims, and does include the debtor, the

8  company in the definition of insured persons for the

9  purpose of entity coverage for secured claims, somehow is

10  required to be inserted in the reading of endorsement 25,

11  which provides for the order of payment among the various

12  claimants, the various claimants being the directors and

13  officers on the one hand, and the company on the other.

14      The direct liability coverage that that

15  order of priority provides for as a first priority is

16  protected by endorsement 25, to which the company agreed.

17      The endorsement 31 is limited by its terms

18  to the entity coverage for securities claims, and there

19  is no ambiguity about that, that I could see.  So

20  endorsement 25, as I indicated in the discussion, would

21  be eliminated if we were to understand that company, the

22  company was included in the concept of insured persons.

23      In fact, endorsement 31 lists several

24  previous endorsements that are deleted specifically by

1  the operation of endorsement 31. Endorsement 25 is not
2  included among those deleted, and it seems to me that it
3  must be accepted on its face for what it says.

4          There is also advanced by the creditors'
5  committee a concern that AXA will seek indemnification
6  from L&H as an administrative claim and there really has
7  not been a basis provided to support that proposition.

8          There is even acknowledgment, if I
9  understood counsel's argument on the record, that the
10  best that AXA would look for would be an unsecured claim
11  against L&H, and I am not quite sure how that would
12  arise, especially if L&H, as it is anticipated, will not
13  advance any moneys to the directors and officers.

14          We do understand that AXA reserves the .
15  right to pursue the defense costs that are expended in
16  favor of directors and officers, but that right is
17  directed to the recipient of those benefits or
18  recipients, the directors and officers, and not L&H. So
19  how that translates to the risk of administrative claim I
20  am not sure.

21          I am convinced that AXA's argument that the
22  directors and officers have an independent right to
23  assert their present interest in the proceeds on the face
24  of the policy must be recognized, and that AXA is under a

1  contractual obligation to act in conformance with that

2  contract, and they are attempting to do so in good faith,

3  that the outcome of that action will be to reduce the

4  pool available to L&H and to others is understood, is

5  inevitable, is the reality of this kind of coverage, and

6  cannot bar the relief that is requested.

7      So for those reasons I will grant the

8  motion by AXA to pay defense costs ongoing.

9      We haven't reached the question of the

10  imposition on the funds beyond defense expenses. That

11  hasn't been raised.

12      If there is the request for declaratory

13  relief as to entitlement otherwise, it certainly can be

14  raised by adversary proceeding. On this record I am

15  prepared to grant the motion as requested. Is there any

16  question?

17      MR. LEDWIN: Your Honor, we had submitted

18  an order with our motion papers. I don't know if you

19  would like us to resubmit that to the Court?

20      THE COURT: Let me see if I have it here.

21      MR. LEDWIN: But one point that we would

22  obviously state, and I think this is a given, and it is

23  requested in the relief sought by our papers, and that's

24  obviously our advancement of defense costs is subject to

1  State of Delaware )
                  )
2  New Castle County )

3

4

5               CERTIFICATE OF REPORTER

6

7          I, Eleanor J. Schwandt, Registered

8  Professional Reporter and Notary Public, do hereby

9  certify that the foregoing record, pages 1 to 80

10  inclusive, is a true and accurate transcript of my

11  stenographic notes taken on May 8, 2001, in the

12  above-captioned matter.

13

14          IN WITNESS WHEREOF, I have hereunto set my

15  hand and seal this 10th day of May, 2001, at Wilmington.

16

17

18

19               Eleanor J. Schwandt

20

21

22

23

24



WILCOX & FETZER LTD.
Registered Professional Reporters