# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANKLIN BANK CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 08-12924 (CSS) |

### ORDER MODIFYING AUTOMATIC STAY TO ALLOW ADVANCEMENT OF DEFENSE EXPENSES FOR ANTHONY NOCELLA, RUSSELL MCCANN AND LEWIS RANIERI

This matter having come before the Court on Anthony Nocella's and Russell McCann's Motion for Order Authorizing Advancement by Insurer of Defense Expenses of Insured Persons Pursuant to Debtors and Officers Liability Insurance Policy (the "Motion") and Lewis Ranieri having filed a Joinder in said Motion; the Court having reviewed and considered the Motion and the Stipulation Between George L. Miller, Chapter 7 Trustee, Lewis Ranieri, Anthony Nocella and Russell McCann (the "Stipulation") regarding the Motion in which the Parties agreed to and requested that the Court enter this Order in resolution of said Motion; and the Court having found that (a) the Court has jurisdiction to consider the Motion and the Stipulation and the relief requested therein; (b) notice of the Motion was sufficient under the circumstances; and (c) the relief set forth herein and in the Stipulation is in the best interests of the Debtor, its creditors and all parties in interest;

IT IS HEREBY ORDERED THAT:

1. The Stipulation Between George L. Miller, Chapter 7 Trustee, Lewis Ranieri, Anthony Nocella and Russell McCann is APPROVED.

2. XL Specialty[1] is permitted to advance Defense Expenses to Anthony Nocella, Russell McCann and Lewis Ranieri under the XL Specialty Policy (subject to the terms and conditions of the XL Specialty Policy and XL Specialty's reservation of rights) in connection with the *Franklin Bank Corp. Securities Litigation*, and, to the extent applicable and necessary, the automatic stay imposed by section 362 of the Bankruptcy Code is modified to permit such advancement.

3. Nothing in this Order shall modify or alter the terms and conditions of the XL Specialty Policy or the parties' contractual rights and obligations thereunder.

4. This Order is entered without prejudice to any party-in-interests' position regarding whether the Proceeds of the XL Specialty Policy are property of the Debtor's estate, and all parties-in-interest reserve their rights with respect to that issue. Nothing in this Order shall be deemed to represent an adjudication of (or to have res judicata or precedential value concerning) the question of whether the Proceeds of the XL Specialty Policy are property of the Debtor's estate subject to 11 U.S.C. § 362(a).

5. The Court shall retain jurisdiction to interpret and enforce the terms of this Order and the Stipulation.

Dated: April 14, 2009

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

#677498

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Memorandum in Support of the Motion.