# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| FRANKLIN BANK CORPORATION, | ) Case No. 08-12924 (CSS) |
| Debtor. | ) **Objections due: May 8, 2009 @ 4:00 p.m.** |
| | ) **Hearing: May 15, 2009 @ 11:00 a.m.** |

### MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION FOR EXAMINATION OF AND PRODUCTION OF DOCUMENTS FROM NON-DEBTOR PURSUANT TO FED. R. BANKR. P. 2004 AND FED. R. CIV. P. 30(b)(6)
### (UHY Advisors TX, LLC)

The Federal Deposit Insurance Corporation (the "FDIC"), as receiver for Franklin Bank, S.S.B. ("Franklin Bank"), by its undersigned counsel, files this motion (the "Motion")[1] for an examination of and production of documents from non-debtor UHY Advisors TX, LLC ("UHY"). In support thereof, the FDIC asserts as follows:

### BACKGROUND

1. The FDIC is a corporation organized and existing pursuant to the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811, et seq., with its principal place of business located in Washington, D.C. The FDIC is an independent agency created by the Congress of the United States that maintains the stability and public confidence in the nation's financial system by insuring deposits, examining and supervising financial institutions, and managing receiverships.

2. Franklin Bank was a federally insured financial institution that had its primary operations in Houston, Texas. On November 7, 2008, the Texas Department of Savings and Mortgage Lending closed Franklin Bank. FDIC was thereafter appointed receiver. Pursuant to

---

[1] The submission of this Motion shall in no way constitute a submission by the FDIC to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtor and the FDIC. Nor is this Motion an admission that this Court is the appropriate forum for disputes between the FDIC and the Debtor.

Title 12 of the United States Code, the FDIC is charged with the duty of winding up the affairs of the former institution.

3. Around the time of its failure, Franklin Bank had 46 branches with total assets of approximately $5.1 billion and total deposits of approximately $3.7 billion.

4. Franklin Bank Corporation (the "Debtor") is a holding company for its subsidiary, Franklin Bank. On November 12, 2008 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. George L. Miller ("Trustee") was subsequently appointed as the Chapter 7 Trustee for the estate of the Debtor.

6. Pursuant to 12 U.S.C. § 1821(d)(2), the FDIC, as Receiver, succeeds by operation of law to the rights, titles, powers, and privileges, including the legal claims of Franklin Bank, and any stockholder, member, accountholder, depositor, officer, or director of Franklin Bank. Further, pursuant to 12 U.S.C. § 1821(g), and notwithstanding any other provision of federal law, the FDIC is subrogated to all rights of any payment to any depositors upon either payment to depositors or the making of provisions for payment to the depositors of Franklin Bank. The FDIC as Receiver acts to protect insured depositors and creditors of Franklin Bank.

7. UHY is an accounting firm that provides services ranging from individual financial planning to full accounting, staffing, and consulting services for public and private companies. Prior to the Petition Date, UHY provided accounting services for both Franklin Bank and the Debtor, including the preparation of various consolidated tax returns for Franklin Bank and the Debtor.

DB04/836898.0002/1342861.1 DD02
ME1 8443281v.1

2

## JURISDICTION AND VENUE

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

9. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10. Pursuant to Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 30(b)(6), the FDIC seeks an order directing UHY to designate one or more of its officers, directors, or managing agents, or other persons (the "Designee") who consent to testify on UHY's behalf on the following subjects:

- Tax returns prepared by UHY for Franklin Bank or the Debtor

- Consolidated tax returns prepared by UHY for Franklin Bank and the Debtor

- Work papers produced in the context of providing accounting services for either Franklin Bank or the Debtor, to the extent that UHY is unable to determine which entity is the client and thus authorized to review the information

11. In addition, the FDIC seeks an order directing the Designee to appear at a date and location to be determined for a 2004 examination in the presence of a court reporter and to bring with them all books, records or documents which evidence, refer to or relate in any way to each and every issue stated above upon which they have been called to testify.

12. The FDIC requests that the Designee be ordered to produce the requested documents at the offices of Stinson Morrison Hecker LLP at least five (5) days prior to the examination.

**BASIS FOR RELIEF**

13. Rule 2004 permits "the examination of an entity under this rule" as to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. . ." Fed. R. Bankr. P. 2004(b).

14. The scope of the examination sought by the FDIC relates to the financial condition of the Debtor in that it involves tax and accounting documents of the Debtor, including consolidated tax returns for the Debtor and Franklin Bank.

15. In this Motion, the FDIC is seeking to examine UHY in order to gain access to and information about tax documents relating to Franklin Bank and the Debtor. The documents relate to property of the Debtor in that Franklin Bank and the Trustee both believe that they are the "client" in relation to the accounting services provided by UHY, and thus authorized to view the documents under Texas law.

16. UHY has stated that it is "unable to disclose client information to anyone other than the client without that client's consent or a court order." See letter from Counsel for UHY to Counsel for the FDIC and Counsel for the Debtor, dated April 6, 2009, attached hereto as Exhibit "A."

17. As suggested by UHY in Exhibit A, the FDIC has attempted to enter into a consent agreement with the Trustee which would allow both parties to view the documents at issue. The proposed agreement would include a clawback provision that in the event that any document is determined to be the exclusive property of the estate or Franklin Bank, the other party would turn over the document. As of the date of the Motion, the Trustee has not agreed to such an agreement.

18. The FDIC does not seek access to UHY's documents and information regarding proprietary information of the estate that does not pertain to Franklin Bank. The FDIC does not

object to a clawback provision for any documents produced by UHY pursuant to an Order granting this Motion that would allow either Franklin Bank or the Trustee to retain all copies of any proprietary information provided by UHY that affect only one entity.

19. The FDIC also does not object to the Trustee receiving copies of all documents produced by UHY as a result of an Order granting this Motion.

20. The FDIC intends to enforce any order with a subpoena to this non-debtor third party.

21. In accordance with Local Bankr. R. 2004-1, counsel for the FDIC contacted counsel for UHY to attempt to arrange for a mutually agreeable date, time, place and scope of the examination and production on April 20, 2009. No agreement was reached.

22. The information sought by the FDIC is proper and relevant under Rule 2004 and the relief requested herein should be granted.

## **RESERVATION OF RIGHTS**

23. The filing of this Motion shall not constitute a waiver or consent by the FDIC or any: (a) rights to Sovereign Immunity whether the FDIC is acting in its capacity as Receiver; (b) the right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Court Judge; (c) right to trial by jury in any proceeding as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or (e) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC is entitled under any agreements or at law or in equity or under the United States Constitution. All of the foregoing rights are expressly reserved

and preserved without exception and with no purpose of conceding jurisdiction in any way by this filing or by any other participation in this matter. The FDIC expressly reserves all rights at law and equity to assert the preemption of the Bankruptcy Court's jurisdiction and the exclusive jurisdiction provided under Title 12 as applicable with respect to the FDIC.

## **CONCLUSION**

**WHEREFORE**, the FDIC respectfully requests that the Court enter an order:

(a) that the Designee shall appear at a date and location to be determined for a 2004 examination in the presence of a court reporter; and

(b) that UHY shall produce the documents requested in paragraph 11 of the Motion at the office of Stinson Morrison Hecker LLP at least five (5) days prior to the 2004 examination; and

(b) granting such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: April 21, 2009 | Respectfully submitted:<br><br>MCCARTER & ENGLISH, LLP<br><br>/s/ William F. Taylor, Jr.<br>William F. Taylor, Jr. (DE Bar #2936)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, Delaware 19801<br>Telephone: 302-984-6300<br>Facsimile: 302-984-6399<br>wtaylor@mccarter.com<br><br>and<br><br>Marc E. Albert, *Pro Hac Vice*<br>Darrell W. Clark, *Pro Hac Vice*<br>Katherine M. Sutcliffe Becker, *Pro Hac Vice*<br>STINSON MORRISON HECKER LLP<br>1150 18th Street, NW, Suite 800<br>Washington, DC 20008<br>Tel: 202-785-9100; Fax: 202-785-9163<br>malbert@stinson.com<br>dclark@stinson.com<br>kbecker@stinson.com<br><br>*Counsel for the Federal Deposit Insurance Corporation* |