# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANKLIN BANK CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 08-12924 (CSS)<br><br>**Related to Docket No. 68**<br><br>Objections Due: May 8, 2009 at 4:00 p.m.<br>Hearing: May 15, 2009 at 11:00 a.m. |

## RESPONSE OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION FOR EXAMINATION OF AND PRODUCTION OF DOCUMENTS FROM NON-DEBTOR PURSUANT TO FED. R. BANKR. P. 2004 AND FED R. CIV. P. 30 (b) (6)

George L. Miller, Chapter 7 Trustee (the "Trustee") for Franklin Bank Corporation ("FBC" or the "Debtor"), by and through his undersigned counsel, hereby responds to the Motion of the Federal Deposit Insurance Corporation for Examination of and Production of Documents from Non-Debtor Pursuant to Fed. R. Bankr. 2004 and Fed. R. Civ. P. 30 (b)(6) (the "2004 Motion") filed on or about April 21, 2009.

## PROCEDURAL AND FACTUAL BACKGROUND

### A. Franklin Bank Corporation

1. FBC was a Texas based savings and loan holding company headquartered in Houston, Texas, organized and existing under the laws of the state of Delaware. FBC's subsidiary Franklin Bank, S.S.B. ("Franklin Bank") was a Texas state savings bank that as of September 2007 had offices in Texas, Florida, Arizona, Pennsylvania, Michigan and Colorado.

2. On November 7, 2008, Franklin Bank was closed by the Texas Department of Savings and Mortgage Lending, and the FDIC was appointed receiver for the Bank. Thereafter, on November 12, 2008 (the "Petition Date"), FBC commenced a voluntary case under chapter 7

of title 11 of the United States Code (the "Bankruptcy Code") in this Court and George L. Miller was appointed Trustee for the Debtor on November 13, 2008.

3. Prior to the Petition Date, UHY Advisors TX, LLC ("UHY") prepared tax returns for FBC and may have provided additional accounting related services. As is his custom, the Trustee requested from UHY all records, files and electronically stored information related to any services performed for FBC, including any and all FBC information that may be within UHY's possession. The request was first made in writing. (See letter of December 15, 2008 from Linda Richendefer, Esq, Trustee's counsel, addressed to UHY, attached as Exhibit "A".) In addition, there were several follow-up conversations and emails between Trustee's counsel and UHY's counsel.

4. Efforts to obtain records from UHY were unsuccessful. UHY would not even provide copies of engagement letters and insisted on both the Trustee and the FDIC signing releases that neither party was willing to undertake. In the interim, the Trustee also learned that UHY, despite being aware of FBC's bankrutpcy Petition, still assisted the FDIC with the filing of tax returns in the Debtor's name.

## LEGAL ARGUMENT

5. UHY is in possession of property of the Debtor in the form of books and records containing information regarding the Debtor and its business, including the Debtor's subsidiaries such as Franklin Bank. UHY has refused to make this information available to the Trustee.

6. Further, there are several motions pending before this Court where the underlying issues concern whether certain tax refunds are property of the Debtor's estate. As the Debtor's prior tax preparer, UHY has information that is uniquely related to these issues.

7. The Trustee does not object to the relief sought by the FDIC in its 2004 Motion. However, he requests that the following categories of information be added to those already described in paragraph 10 of the 2004 Motion as subjects upon which a designee should be prepared to testify and as records that should be produced by UHY:

a. All engagement letters related to FBC and/or Franklin Bank

b. Tax returns prepared by UHY at the request of the FDIC related to FBC and/or Franklin Bank

c. Contacts with the FDIC since November 7, 2008 related to the Debtor and/or Franklin Bank

d. Correspondence/Documents/Information received from or sent to FBC and/or Franklin Bank

e. Involvement with, or work performed in connection with, the Tax Allocation Agreement to which FBC and Franklin Bank, inter alia, were parties

f. All files relating to or concerning any work performed for or on behalf of FBC and/or Franklin Bank.

8. In addition, the Trustee requests that the Court's Order require that copies of the requested documents also be provided to counsel for the Trustee at least five (5) business days prior to the 2004 examination.

## CONCLUSION

9. Wherefore, for all the above reasons, the Trustee respectfully requests that the additional relief described in paragraphs 7 and 8 above be added to any Order granting the FDIC's 2004 Motion.

DEL1 71269-1

Dated: May 8, 2009

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By:/s/ *Linda Richenderfer*
Domenic E. Pacitti (DE Bar No. 3989)
Linda Richenderfer (DE Bar No. 4138)
Sally E. Veghte (DE Bar No. 4762)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189 Telephone
(302) 426-9193 Facsimile

*Counsel for George L. Miller, Chapter 7 Trustee of Franklin Bank Corporation*