IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| FRANKLIN BANK CORPORATION, | Case No. 08-12924 (CSS) |
| Debtor. | Objections Due: July 8, 2009 at 4:00 p.m.<br>Hearing: July 15, 2009 at 1:00 p.m. |

## MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AN ORDER DIRECTING THE FEDERAL DEPOSIT INSURANCE CORPORATION TO TURNOVER PROPERTY OF THE DEBTOR

George L. Miller, as chapter 7 trustee ("Trustee") of the above-captioned debtor ("FBC" or the "Debtor"), by and through his undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 542 for an order directing that the Federal Deposit Insurance Corporation (the "FDIC") turnover property of the Debtor. In support of this Motion, the Trustee respectfully represents as follows:

## PROCEDURAL AND FACTUAL BACKGROUND

1. FBC was a Texas based savings and loan holding company headquartered in Houston, Texas, organized and existing under the laws of the state of Delaware. FBC's subsidiary Franklin Bank, S.S.B. ("Franklin Bank") was a Texas state savings bank that as of September 2007 had offices in Texas, Florida, Arizona, Pennsylvania, Michigan and Colorado.

2. On November 7, 2008, Franklin Bank was closed by the Texas Department of Savings and Mortgage Lending, and the FDIC was appointed receiver for Franklin Bank. Thereafter, on November 12, 2008 (the "Petition Date"), FBC commenced a voluntary case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in this Court and George L. Miller was appointed Trustee for the Debtor on November 13, 2008.

DEL1 71695-1

3. Upon the commencement of the case, the Trustee immediately began administering the Debtor's estate and performing his duties as the Trustee.

4. Upon information and belief, when the FDIC was appointed receiver of Franklin Bank, it immediately seized all of the documents and computer systems located at the Debtor's former headquarters, in addition to taking over the offices themselves. At this time, the Trustee does not know where the documents and electronically stored information that were once present at the Debtor's headquarters are currently located.

5. From the start of the case, the Trustee's efforts to gather and secure property of FBC's estate have been severely hampered by the FDIC's refusal to allow the Trustee access to inspect FBC's former offices and headquarters located in Houston, Texas. The FDIC has denied the Trustee access to important property of the Debtor including, but not limited to, FBC's computer system and server, including all electronic documents and records, mail, corporate books and records, and inter-company accounting records.

6. The Trustee is severely impeded from properly administering the estate as a direct result of the FDIC's refusal to turnover the necessary information, electronically stored data, documents and books and records of the Debtor and its estate. The Trustee needs full and unfettered access to books and records as well as computer data in order to determine the scope of what was once the Debtor's assets and the potential for recovery of the assets that were transferred prior to the Petition Date.

## **JURISDICTION**

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## RELIEF REQUESTED

8.  The FDIC has indicated to Trustee's counsel that all of the Debtor's books and records are contained in a mere six (6) boxes of documents located at the Debtor's former headquarters in Houston, Texas (the "Houston Offices"). The Houston Offices have been maintained and controlled by the FDIC since November 2008. Upon information and belief, the 6 boxes were put together by a "team" of FDIC personnel, possibly with some input by the former General Counsel who at the time was working for the FDIC. The Trustee seeks an order requiring that the FDIC immediately turnover any and all documents, electronically stored data, information and property of the Debtor[1] to the Trustee, including but not limited to the following, as they relate to the Debtor's property and /or financial affairs:

- Corporate, tax and accounting records;
- Intellectual property records, including agreements, licenses and trademarks;
- Financial statements;
- Bank statements;
- Correspondence with shareholders, bondholders and indenture trustee;
- Insurance policies and correspondence with insurers and/or brokers;
- Loan documents;
- Check books;
- Shareholder records, corporate stamp etc.; and
- Any and all documents directed to the Debtor, its employees and personnel, subsidiaries or Board of Directors via U.S. Mail.

---

[1] Includes information relating to Debtor's subsidiaries.

DEL1 71695-1

## ARGUMENT

9. Section 542(a) of the Bankruptcy Code requires anyone holding property of the estate to deliver it to the trustee. Turnover "is a remedy available to debtors to obtain what is acknowledged to be property of the bankruptcy estate." In re Olympus Healthcare Group, Inc., 352 B.R. 603, 611 (Bankr. D. Del. 2006) citing Hechinger Investment Co. of Delaware, Inc. v. Allfirst Bank (In re Hechinger Investment Co. of Delaware, Inc.), 282 B.R. 149, 162 (Bankr. D. Del. 2002). Property of the estate is comprised of all legal and equitable interest of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1).

10. Upon appointment, the Trustee normally performs a site visit to a debtor's headquarters, and as part of his visit, reviews information present at the location at the same time to determine what materials are necessary in order to fulfill his fiduciary responsibilities. The FDIC, the current tenant at FBC's former Houston headquarters, has refused to allow access to the facility despite numerous requests by the Trustee. This denial is the subject of a separate motion filed herewith. The Trustee intends to review the 6 boxes, prior to incurring shipping costs, while at the Debtor's former headquarters once he obtains access to the facility.

### A. Turnover of Documents and Electronically Stored Information Belonging to the Debtor

11. The Debtor was incorporated in 2001. Based on the mere fact that it was in business for eight years, it defies logic to suggest that the sum total of FBC's corporate existence fits within 6 bankers boxes. For instance, the Debtor and Franklin Bank were parties to a Tax Allocation Agreement with an effective date of April 10, 2002, pursuant to which the Debtor had authority to file tax returns on behalf of itself, Franklin Bank and any other FBC subsidiaries. In order to fulfill this responsibility, the Debtor would have been in possession of tax records, inter-company financial records and related materials necessary to insure complete and accurate

DEL1 71695-1

returns were filed. Presumably this information alone would fill more than 6 boxes in printed form[2].

12. Further, based on the analysis performed to date, there should be detailed information available regarding inter-company transfers and accounts that existed between the Debtor and Franklin Bank. Again, 6 boxes alone would be insufficient to contain this information in printed format.

13. The FDIC also seized all computers, computer systems, servers and electronically stored information (collectively, "ESI") located at the Houston Offices upon its appointment as Receiver for Franklin Bank. The Trustee has not been given access to the ESI. This information is crucial to the Trustee's analysis of, *inter alia*, the Debtor's books and records, the Debtor's assets and distribution thereof, transactions that may have occurred during the preference period and actions taken by the directors and officers of the Debtor. Turnover of the ESI by the FDIC to the Trustee is essential as the information is required for the Trustee to analyze the Debtor's estate and properly discharge his duties as Trustee.

### B. Turnover of the Debtor's Mail

14. Upon appointment, the Trustee sent a notice to the postal service requesting that all of the Debtor's mail be forwarded to the Trustee's address, as is his normal course of action. In January 2009, the FDIC cancelled the Trustee's forwarding notice, and since that date all mail addressed to the Debtor has continued to be delivered to the Houston Offices, where it is received by the current tenant, the FDIC.

---

[2] The FDIC has indicated there are computer discs containing tax information related to the Debtor that have not yet been produced to the Trustee. Discussions are underway to obtain copies of this information. In the event the parties cannot resolve this issue, the Trustee also seeks turnover of this information along with any other tax documents related to FBC.

15. The Trustee periodically receives from the FDIC mail that the FDIC deems belongs to the Debtor, along with a log listing information such as the addressee and the date the mail was received at the Houston Offices. The log is prepared, upon information and belief, by FDIC personnel on site at the Houston Offices.

16. The Trustee gains important information from his review of the Debtor's mail regarding the Debtor's business, potential assets, and the location of funds. The Trustee's ability to properly analyze and administer the estate is negatively affected if he does not have access to the Debtor's mail. On more than one occasion now the Trustee has received bank statements for previously unknown accounts that belong to the Debtor or a subsidiary other than Franklin Bank. In each instance, several months of past statements were never forwarded to the Trustee.

17. In order to ensure that the Trustee receives all of the Debtor's past, current and future mail, the Trustee further seeks an order requiring the FDIC to turnover mail belonging to the Debtor and its subsidiaries other than Franklin Bank.

## CONCLUSION

18. As outlined above, pursuant to section 542(e) of the Bankruptcy Code, the Trustee seeks turnover of, in general, the Debtor's books and records, ESI, and mail. Confidentiality should not be a concern as the information sought relates to property of the estate. This information is necessary in order for the Trustee to administer the Debtor's estate as is required under section 704 of the Bankruptcy Code. Moreover, the Trustee must obtain such information in order to properly discharge his duties as Trustee.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that this Motion be granted and the attached order be entered directing the Federal Deposit Insurance

Corporation to turnover documents, information and property of the Debtor and its estate, together with such other and further relief that the Court deems just and proper.

Dated: June 24, 2009  
       Wilmington, Delaware

**KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP**

By:   */s/ Linda Richenderfer*
Domenic E. Pacitti, Esq. (DE Id. No. 3989)
Linda Richenderfer, Esq. (DE Id. No. 4138)
Sally E. Veghte, Esq. (DE Id. No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
lrichenderfer@klehr.com
sveghte@klehr.com

*Counsel to George L. Miller, Chapter 7 Trustee*