# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| FRANKLIN BANK CORPORATION, | Case No. 08-12924 (CSS) |
| Debtor. | **Related to Docket No. 95**<br>**Objections Due: July 8, 2009 at 4:00 p.m.**<br>**Hearing: July 15, 2009 @ 1:00 p.m.** |

## OPPOSITION TO THE MOTION FOR AN ORDER DIRECTING THE FEDERAL DEPOSIT INSURANCE CORPORATION TO TURNOVER PROPERTY OF THE DEBTOR

The Federal Deposit Insurance Corporation, as receiver for Franklin Bank, S.S.B. (the "FDIC") by its undersigned counsel, files this Opposition to the Motion ("Motion") of George L. Miller, Chapter 7 Trustee, for an Order Directing the Federal Deposit Insurance Corporation to Turnover Property of the Debtor.[1] In support thereof, the FDIC asserts as follows:

## BACKGROUND

1. The FDIC is a corporation organized and existing pursuant to the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811, *et seq.*, with its principal place of business located in Washington, D.C. The FDIC is an independent agency created by the Congress of the United States that maintains the stability and public confidence in the nation's financial system by insuring deposits, examining and supervising financial institutions, and managing receiverships.

2. Franklin Bank, S.S.B. ("Bank") was a federally insured financial institution that had its primary operations in Houston, Texas. On November 7, 2008, the Texas Department of

---

[1] The submission of this Opposition shall in no way constitute a submission by the FDIC to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtor and the FDIC. Nor is this Opposition an admission that this Court is the appropriate forum for disputes between the FDIC and the Debtor.

**Error! No property name supplied.**

Savings and Mortgage Lending closed the Bank. FDIC was thereafter appointed receiver. Pursuant to Title 12 of the United States Code, the FDIC is charged with the duty of winding up the affairs of the former institution.

3. The Debtor is a holding company for its subsidiary, the Bank. On November 12, 2008 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. George L. Miller ("Trustee") was subsequently duly appointed as the Chapter 7 Trustee for the estate of the Debtor.

5. On June 24, 2009, the Trustee filed the Motion, seeking an Order "directing the [FDIC] to turnover documents, information and property of the Debtor and its estate." Motion, p. 6-7.

## SUMMARY OF THE ARGUMENT

6. The FDIC respectfully submits that the relief sought in the Motion must be denied due to a serious procedural defect.

7. As a "proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee . . ." the relief requested in the Motion must be brought by an adversary proceeding. Fed. R. Bankr. P. 7001(1).

8. No adversary proceeding has been commenced under Federal Rule of Bankruptcy Procedure 7003.

9. Further, given that the FDIC's receivership of the Bank is governed by Title 12 of the United States Code, it is unclear under 12 U.S.C. 1821(j) whether, in the event that the

Trustee was to file a complaint against the FDIC, the Bankruptcy Court would have jurisdiction over the matter.

**ARGUMENT**

10. Subsection 7001(1) of the Federal Rules of Bankruptcy Procedure provides,

> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
>
> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002

Fed. R. Bankr. P. 7001(1).

11. The Motion filed by the Trustee seeks to recover documents and other property of the estate from the FDIC.

12. None of the exceptions to Rule 7001(1) apply to the Motion. The FDIC is not the Debtor, so the Motion is not a proceeding to compel the debtor to deliver property to the trustee. Nor is the Motion a proceeding seeking abandonment of property of the estate under § 554(b) or a disposition of certain property of the estate under § 725. The Motion does not seek to examine the debtor's attorneys under Rule 2017, and although the FDIC as receiver is a custodian for the Bank, it is not a custodian for the Debtor. Rule 6002 does not apply to the Motion.

13. The relief sought in the motion is an adversary proceeding. *See* Fed. R. Bankr. P. 7001(1); *In re WorldCorp, Inc.*, 252 B.R. 890, 894-95 (Bankr .D. Del. 2000); *In re La Boucherie Bernard, Ltd.*, 55 B.R. 22 (Bankr. D.D.C. 1985) (proceeding for turnover of property of the estate by non-debtor was adversary proceeding).

14. Rule 7003 of the Federal Rules of Bankruptcy Procedure incorporates and applies Federal Rule of Civil Procedure 3 to adversary proceedings. The rule states, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

15. Therefore, the Trustee cannot pursue turnover of proclaimed estate property by motion. *See In re WorldCorp,* 252 B.R. at 894-95; *In re Johnson*, 2004 Bankr. LEXIS 396 (Bankr. E.D. Va. Jan. 23, 2004).[2]

16. Title 12 governs the FDIC's receivership of the Bank.

17. Subsection 1821(j) of Title 12, titled "Limitation on court action" states, "[e]xcept as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver." 12 U.S.C. § 1821(j).

18. If the Trustee were to file a complaint initiating an adversary proceeding against the FDIC, it is unclear under 12 U.S.C. § 1821(j) whether the Bankruptcy Court would have jurisdiction over the matter. This jurisdictional issue places even greater significance on the Trustee's procedural error in filing the Motion.

19. The Motion must fail due to procedural defect.

20. Notwithstanding the Trustee's failure to follow procedure and the possible jurisdictional hurdles faced by the Trustee, the Court should know that the FDIC has been trying to cooperate with the Trustee to permit access to records sought by the Trustee.

---

[2] As an alternative to commencing an adversary proceeding, the Trustee could request documents from the FDIC through a subpoena *duces tecum* pursuant to an Order granting a motion for examination under Federal Rule of Bankruptcy Procedure 2004.

21. First, the FDIC offered to ship the Debtor's boxed records to the Trustee (at the Trustee's expense) or permit physical inspection of the same in Houston, Texas. In addition, the FDIC offered to review the contents of the boxes for the Trustee so that it could inform him what the boxes contain. Moreover, subject to certain conditions, the FDIC offered to provide the Trustee with a FDIC generated index of Bank documents that were removed from the Bank's offices shortly after it was closed.

22. The FDIC also offered the Trustee, subject to indexing and appropriate safeguards, approximately eight compact discs that contain the Bank's tax records.

23. The Trustee ignored these offers and instead opted to file this Motion.

## **RESERVATION OF RIGHTS**

The filing of this Opposition shall not constitute a waiver or consent by the FDIC or any: (a) rights to Sovereign Immunity whether the FDIC is acting in its capacity as Receiver; (b) the right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Court Judge; (c) right to trial by jury in any proceeding as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or (e) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC is entitled under any agreements or at law or in equity or under the United States Constitution. All of the foregoing rights are expressly reserved and preserved without exception and with no purpose of conceding jurisdiction in any way by this filing or by any other participation in this matter. The FDIC expressly reserves all rights at

law and equity to assert the preemption of the Bankruptcy Court's jurisdiction and the exclusive jurisdiction provided under Title 12 as applicable with respect to the FDIC.

## CONCLUSION

Because a proceeding to recover money or property of the estate from a party other than the debtor is an adversary proceeding, the Trustee cannot seek turnover of property from the FDIC by motion. The Trustee must file a complaint to initiate an adversary proceeding against the FDIC. In the event that the Trustee were to file an adversary proceeding against the FDIC seeking turnover of property of the estate, it is unclear whether the Bankruptcy Court would have jurisdiction over that matter.

WHEREFORE, the Federal Deposit Insurance Corporation, as receiver for Franklin Bank, S.S.B., respectfully requests this Court enter an Order:

a) denying the Motion of George L. Miller, Chapter 7 Trustee, for an Order Directing the Federal Deposit Insurance Corporation to Turnover Property of the Debtor in its entirety; and

b) granting such other and further relief as this Court may deem equitable and proper.

| | |
|---|---|
| Dated: July 8, 2009 | Respectfully submitted:<br><br>MCCARTER & ENGLISH, LLP<br><br>/s/ William F. Taylor, Jr.<br>William F. Taylor, Jr. (DE Bar #2936)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, Delaware 19801<br>Telephone: 302-984-6300<br>Facsimile: 302-984-6399<br>wtaylor@mccarter.com<br><br>and<br><br>Marc E. Albert, *Pro Hac Vice*<br>Darrell W. Clark, *Pro Hac Vice*<br>Katherine M. Sutcliffe Becker, *Pro Hac Vice*<br>STINSON MORRISON HECKER LLP<br>1150 18th Street, NW, Suite 800<br>Washington, DC 20036-3816<br>Tel: 202-785-9100; Fax: 202-785-9163<br>malbert@stinson.com<br>dclark@stinson.com<br>kbecker@stinson.com<br><br>*Counsel for the Federal Deposit Insurance Corporation* |