IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANKLIN BANK CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 08-12924 (CSS)<br><br>RE: D.I. #71 |

### STIPULATION BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE OF THE DEBTOR, AND THE FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER FOR FRANKLIN BANK S.S.B., REGARDING THE ESTABLISHMENT OF AN ESCROW ACCOUNT

Whereas, on November 12, 2008 (the "Petition Date"), Franklin Bank Corporation ("Debtor" or "FBC") filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

Whereas, on or about November 13, 2008, the Office of the United States Trustee appointed George L. Miller to serve as the interim Chapter 7 Trustee (the "Trustee"); and

Whereas, on November 7, 2008, the Office of the Thrift Supervision closed Franklin Bank, S.S.B., Houston, Texas ("Franklin Bank") and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver; and

Whereas, on or about November 13, 2008, a consolidated federal income tax return for the Debtor and its affiliated group including Franklin Bank was filed for tax year 2007 (the "2007 Federal Tax Return"), which requested that a refund be issued in the amount of $7,784,493 and directed that the refund be forwarded to the FDIC's Dallas, Texas office (the "2007 Federal Tax Refund"); and

Whereas, a check for the 2007 Federal Tax Refund made payable to the Debtor dated November 28, 2008 in the amount of $7,784,493 was issued by the United States Treasury, was sent to and received by the FDIC and negotiated by the FDIC; and

Whereas, on February 24, 2009, the FDIC placed the sum of $7,784,493 in a separate interest bearing account at JP Morgan Chase Bank; and

Whereas, since the Petition Date a combined Texas Franchise tax return for the Debtor and Franklin Bank for tax year 2007 was filed (the "2007 Texas Tax Return"), which requested a refund be issued in the amount of $247,693 and directed that the refund be forwarded to the FDIC's Dallas, Texas office (the "2007 Texas Tax Refund"); and

Whereas, all tax returns referred to above were not filed by or with the permission of the Trustee;

Whereas, since the Petition Date the Trustee filed form 4466, Corporation Application for Quick Refund for Overpayment of Estimated Tax, for the Debtor and its subsidiaries for tax year 2008, which requested a refund be issued in the amount of $3,000,000 and directed that the refund be forwarded to the Trustee (the "2008 Federal Tax Refund"); and

Whereas, the 2008 Federal Tax Refund has been received by the Trustee and placed in an interest bearing escrow account; and

Whereas, since the Petition Date, the FDIC has filed consolidated and non-consolidated tax returns with state taxing authorities other than Texas that have resulted in the payment of tax refunds as described in the Motion of the Federal Deposit Insurance Corporation for Relief from Stay, Pursuant to Section 362 of the Bankruptcy Code, to Allow Placement of Tax Refunds Into Its Account [Docket No. 69, filed April 21, 2009] (the "Other Tax Refunds"); and

Whereas, the FDIC and the Trustee have agreed to separately deal with the Other Tax Refunds; and

Whereas, it is anticipated by the FDIC and the Trustee that there may be other refunds issued by the United States Internal Revenue Service and/or by the Texas taxing authority with respect to pre-petition activities (together with amounts already received to be referred to hereafter as the "Refunds"); and

Whereas, the FDIC believes that all, or substantially all, of the Refunds belong to Franklin Bank and thus are property of the FDIC as the Receiver; and

Whereas, the Trustee believes that all, or substantially all, of the Refunds belong to FBC and thus, are property of the Debtor; and

Whereas, the Trustee and the FDIC recognize that it is premature at this preliminary stage of the proceedings to make a final determination as to whether the Refunds, in whole or in part, are property of the FDIC as the Receiver for Franklin Bank or are property of the Debtor; and

Whereas, the Trustee and the FDIC believe that it is in the best interests of all parties to collect the Refunds and place the monies in an appropriate segregated bank account, without prejudice to either party's position, and to permit interest to accrue thereon while the determination of ownership of the Refunds is being resolved; and

Whereas, neither the Trustee nor the FDIC intends to waive any of their respective arguments and, as such, understands that neither is admitting or recognizing that all or any part of the Refunds are property of the other merely by entering into this Stipulation; and

Whereas, the Trustee and the FDIC are desirous of entering into this Stipulation regarding deposit of the Refunds into an escrow arrangement pursuant to which the Trustee shall deposit the Refunds into a separate and segregated account at Bank of America or any other

DEL1 71508-1

financial institution approved by the Office of the United States Trustee which will permit funds to be held therein without any admission or presumption being raised as to whether they are property of the Debtor or the FDIC as Receiver for Franklin Bank, pending resolution by the parties or a judicial determination; now therefore,

IT IS HEREBY STIPULATED AND AGREED THAT

1. The Trustee shall establish an interest-bearing account at Bank of America or any other financial institution approved by the Office of the United States Trustee (the "Escrow Bank") that shall be and remain separate from any other accounts established by the Trustee (the "Escrow Account"). The Trustee and the FDIC agree that the Refunds shall be deposited promptly into the Escrow Account upon receipt and shall be subject to this Stipulation.

2. The Trustee and the FDIC agree that no monies shall be distributed or released by the Escrow Bank except upon (i) application or stipulation presented by notice as in Paragraph 5 below at least ten (10) days in advance (unless the parties mutually agree in writing to a lesser time period), and (ii) a final Order of this Court which is no longer subject to appeal or being appealed ("Final Order") approving the distribution and release of such monies.

3. The Trustee and the FDIC further agree that no presumption or adverse interest shall arise that the Refunds, in whole or in part, or any other monies deposited into the Escrow Account belong to and are the property of the FDIC as Receiver for Franklin Bank or the Debtor merely because of this Stipulation or the involvement of the Trustee in holding, negotiating or depositing the funds.

4. The Escrow Bank shall release the funds held in the Escrow Account upon entry of a Final Order directing the same, without off-set, defense, deduction, chargeback or counterclaim of any kind, nature or description.

5. For the purposes of this Stipulation, notice is proper if given in writing by overnight delivery to:

    (A)    **The Trustee:**

        George L. Miller
        Miller Coffey Tate LLP
        8 Penn Center, Suite 950
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103

        And

        Linda Richenderfer, Esquire
        Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
        919 Market Street, Suite 1000
        Wilmington, DE 19801
        lrichenderfer@klehr.com

        Morton R. Branzburg, Esquire
        Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
        260 South Broad Street
        Philadelphia, PA 19102-5003
        mbranzburg@klehr.com

    (B)    **The FDIC:**

        B. Amon James
        Counsel – Legal Division
        Federal Deposit Insurance Corporation
        3501 Fairfax Drive
        Room D-7074
        Arlington, VA 22226
        bajames@fdic.com

        And

        Marc Albert, Esquire
        Stinson Morrison Hecker LLP
        1150 18th Street, NW, Suite 800
        Washington, DC 20036
        malbert@stinson.com

Darrell Clark, Esquire
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036
dclark@stinson.com

6. The Trustee shall send monthly statements with respect to the Escrow Account to the FDIC by regular mail as provided in Paragraph 5.

7. The Trustee and the FDIC agree to cooperate with each other to amicably resolve the ownership of the Refunds and any other monies deposited into the Escrow Account.

8. When funds are released from the Escrow Account and distributed, a pro-rata share of the accrued interest thereon shall be distributed therewith.

9. Nothing herein shall prejudice, waive or impair the right of either the FDIC as Receiver for Franklin Bank or the Trustee to take or commence any action or proceeding, including, but not limited to, seeking a declaration that the Refunds belong to it and are its property pursuant to any statutory, regulatory or judicial authority.

10. The parties agree to cooperate to obtain Bankruptcy Court approval of this Stipulation. Pending such approval by the Bankruptcy Court this Stipulation shall govern the establishment of the Escrow Account, and the deposit and maintenance of the Refunds therein.

11. Within five (5) days of entry of an Order approving this Stipulation, the FDIC shall remit via wire transfer the 2007 Federal Tax Refund plus interest earned while in the JP Morgan account since February 24, 2009, to the Trustee, wiring instructions to be provided by the Trustee. To the extent the FDIC receives any other Refunds that are subject to the terms of this Stipulation, notice shall be provided to the Trustee within fifteen (15) business days via US mail pursuant to paragraph 5 above, and the refund check shall be forwarded that same day to the Trustee via overnight delivery service.

DEL1 71508-1

Stipulated and agreed to as of this 15th day of July, 2009.

| KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS, LLP | MCCARTER & ENGLISH, LLP |

By: /s/ Domenic E. Pacitti
Domenic E. Pacitti, Esq. (DE Id. No. 3989)
Linda Richenderfer, Esq. (DE Id. No. 4138)
Sally E. Veghte, Esq. (DE Id. No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
lrichenderfer@klehr.com
sveghte@klehr.com

*Counsel to George L. Miller,
Chapter 7 Trustee for the Estate of Franklin
Bank Corporation*

By: /s/ William F. Taylor, Jr.
William F. Taylor, Jr., Esq. (DE Id. No. 2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-6399
wtaylor@mccarter.com

and

Marc E. Albert, Esq., *Pro Hac Vice*
Darrell W. Clark, Esq., *Pro Hac Vice*
Katherine M. Sutcliffe Becker, Esq., *Pro Hac Vice*
STINSON MORRISON HECKER LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036-3816
Telephone: (202) 785-9100
Facsimile: (202) 785-9163
malbert@stinson.com
dclark@stinson.com
kbecker@stinson.com

*Counsel for the Federal Deposit
Insurance Corporation*

DEL1 71508-1

## SO ORDERED

Having considered the Stipulation Resolving the Motion of the Federal Deposit Insurance Corporation for an Order to Maintain and Continue Placement of Funds in Escrow Account (see D.I. 71) ("Stipulation"), and the statements on the record at the hearing on July 15, 2009, the Stipulation is **APPROVED and ORDERED**.

Dated: 7/20 , 2009

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I hereby certify that I did serve a copy of the foregoing CERTIFICATION OF COUNSEL REGARDING SO ORDERED STIPULATION BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE OF THE DEBTOR, AND THE FEDERAL DEPOSIT INSURANCE CORPORATION, RECEIVER FOR FRANKLIN BANK S.S.B., REGARDING MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION FOR AN ORDER TO MAINTAIN AND CONTINUE PLACEMENT OF FUNDS IN ESCROW ACCOUNT on July 20, 2009, by electronic mail or first class mail, postage prepaid, upon the following and all parties requesting notice:

Franklin Bank Corporation
9800 Richmond, Suite 680
Houston, TX 77042

United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

Joseph Grey, Esquire
Stevens & Lee
1105 North Market Street, Seventh Floor
Wilmington, DE 19801

The Bank of New York Mellon Trust
Company, N.A., Indenture Trustee
101 Barclay Street
New York, NY 10286

George L. Miller, Trustee
1628 John F. Kennedy Blvd., Suite 950
Philadelphia, PA 19103-2110

Demetra L. Liggins, Esquire
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, TX 77002

Linda Richenderfer, Esquire
Domenic E. Pacitti, Esquire
Klehr Harrison Harvey Branzburg & Ellers
919 Market Street, Suite 1000
Wilmington, DE 19801

MCCARTER & ENGLISH, LLP

/s/ William F. Taylor, Jr.
William F. Taylor, Jr. (DE Bar #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801

**Miscellaneous:**

08-12924-CSS Franklin Bank Corporation
Type: bk              Chapter: 7 v              Office: 1 (Delaware)
Assets: y             Judge: CSS                Case Flag: Asset

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from William F. Taylor entered on 7/20/2009 at 11:10 AM EDT and filed on 7/20/2009
**Case Name:**         Franklin Bank Corporation
**Case Number:**       08-12924-CSS
**Document Number:** 105

**Docket Text:**
Certification of Counsel *Regarding So Ordered Stipulation Between George L. Miller, Chapter 7 Trustee of the Debtor, and The Federal Deposit Insurance Corporation, Reciver for Franklin Bank S.S.B. Regarding the Motion for an Order to Maintain and Continue Placement if Funds in Escrow Account* (related document(s)[71]) Filed by FDIC. (Attachments: # (1) Exhibit A# (2) Certificate of Service) (Taylor, William)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** certi of counsel_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=7/20/2009] [FileNumber=7457506-0]
[56e614719d30272135553ada531476262583cf3d422cea5dbd9f1ee9e4bb37016b21
124288e9da52169b847899ec743ca941d50f43067adf3384964d25e8a72a]]
**Document description:** Exhibit A
**Original filename:** certi ex a_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=7/20/2009] [FileNumber=7457506-1]
[7a867eefba17ab023d48a50d25c399fd8693f6f3b18defe5e7eff8b756c366ee92b5
59c727e6f17f5c9db9e14dfebfc7609b05936ca8a66a3e187deeb97c7b71]]
**Document description:** Certificate of Service
**Original filename:** certi cos_001.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=7/20/2009] [FileNumber=7457506-2]
[2b044e45237cee32b48d419a1a3d8d2836c691bbdb226860c3f905c61a037a06bfb7
cc534ad36b2134c8cd9c7f9ca8d1b572314cd35022a2a4297105929b427d]]

**08-12924-CSS Notice will be electronically mailed to:**

Deborah J. Bisco on behalf of Creditor Pension Benefit Guaranty Corporation
bisco.deborah@pbgc.gov, efile@pbgc.gov

Joseph Grey on behalf of Debtor Franklin Bank Corporation
jg@stevenslee.com