## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| FRANKLIN BANK CORPORATION, | ) Case No. 08-12924 (CSS) |
| | ) |
| Debtor. | ) Related to Docket No. 137*** |
| | ) **Hearing: April 7, 2010 12:00 p.m.** |
| | ) |

**LIMITED OPPOSITION OF THE FDIC AS RECEIVER FOR FRANKLIN BANK S.S.B.
TO SECOND MOTION FOR ORDER AUTHORIZING ADVANCEMENT BY INSURER
OF DEFENSE EXPENSES OF INSURED PERSONS PURSUANT TO
DIRECTORS AND OFFICERS LIABILITY POLICY**

The Federal Deposit Insurance Corporation as receiver for Franklin Bank, S.S.B.
(the "FDIC-R"), by its undersigned counsel, files this Limited Opposition to the Second Motion
("Motion") for Order Authorizing Advancement by Insurer of Defense Expenses of Insured
Persons Pursuant to Directors and Officers Liability Policy.[1] In support thereof, the FDIC-R
asserts as follows:

1.      In the Motion, certain named individuals seek an order of the Court authorizing
the Debtor's insurance carrier, XL Specialty, to advance defense expenses.

2.      The Motion notes that the movants, Mssrs. Chimerine, Golush, Howard, Master,
Perro, Rhodes and Selman (the "Movants"), are named parties in a pending securities class
action case in the United States District Court for the Southern District of Texas.

3.      The FDIC-R has no opposition to the relief sought to the extent that it seeks
authorization as to the designated Movants and relates to an actual pending lawsuit or claim in
which the Movants have been named.

---

[1]      The submission of this Motion shall in no way constitute a submission by the FDIC-R to the jurisdiction or
authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtor, the Trustee and
the FDIC-R.  Nor is this Motion an admission that this Court is the appropriate forum for disputes between the
FDIC-R, the Trustee, and the Debtor.

4.      The Motion, however, goes beyond these limitations.  In paragraph 2, the Motion requests that the advancement cover future, unasserted, unnamed actions against the Movants.

5.      Again, in paragraph 6, the Movants ask the Court to approve the advancement of expenses to *all* former officers and directors, not merely the Movants.

6.      The FDIC-R objects to the Motion to the extent that it seeks authority to approve advancement of expenses to unnamed individuals.  The FDIC-R further objects to the Motion because it requests approval for advancement of defense costs to be spent on presently unasserted claims and unasserted causes of action.

7.      The blanket authorization sought by the Movants is overbroad and appears to be inconsistent with Clause A (as defined in the Motion) of the policy itself.

8.      In sum, the FDIC-R does not oppose the use of the policy on what should be considered its intended insured.  However, the FDIC-R opposes any motion that seeks authority or direction to use the policy proceeds in a manner that does not identify the insured person or the claim for which advancement may be required.

## **RESERVATION OF RIGHTS**

The filing of this Limited Objection shall not constitute a waiver or consent by the FDIC-R of any: (a) rights to Sovereign Immunity whether the Federal Deposit Insurance Corporation is acting in its capacity as Receiver; (b) right to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Court Judge; (c) right to trial by jury in any proceeding as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or

(e) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC-R is entitled under any agreements or at law or in equity or under the United States Constitution. All of the foregoing rights are expressly reserved and preserved without exception and with no purpose of conceding jurisdiction in any way by this filing or by any other participation in this matter. The FDIC-R expressly reserves all rights at law and equity to assert the preemption of the Bankruptcy Court's jurisdiction and the exclusive jurisdiction provided under Title 12 as applicable with respect to the FDIC-R.

## CONCLUSION

**WHEREFORE**, the FDIC-R respectfully requests that the Court enter an order:

(a) granting the Motion with the limitations that the authority applies only to the Movants and to the named actions/claims in the Motion; and

(b) granting such other and further relief as it deems just and proper.

Dated: February 24, 2010

Respectfully submitted:

MCCARTER & ENGLISH, LLP

/s/ William F. Taylor, Jr.
William F. Taylor, Jr. (DE Bar #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Telephone: 302-984-6300
Facsimile: 302-984-6399
wtaylor@mccarter.com

and

Marc E. Albert, *Pro Hac Vice*
Darrell W. Clark, *Pro Hac Vice*
Katherine M. Sutcliffe Becker, *Pro Hac Vice*
STINSON MORRISON HECKER LLP
1150 18th Street, NW, Suite 800
Washington, DC 20008
Tel: 202-785-9100; Fax: 202-785-9163
malbert@stinson.com
dclark@stinson.com
kbecker@stinson.com

*Counsel for the Federal Deposit Insurance*
*Corporation as Receiver for Franklin Bank, S.S.B.*