# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FRANKLIN BANK CORPORATION, | ) | Case No. 08-12924 (CSS) |
| | ) | |
| Debtor. | ) | Re: D.I. 137 |
| | ) | |

## SECOND ORDER AUTHORIZING ADVANCEMENT BY INSURER OF DEFENSE EXPENSES OF INSURED PERSONS PURSUANT TO DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICY

This matter having come before the Court on the *Second Motion for Order Authorizing Advancement by Insurer of Defense Expenses of Insured Persons Pursuant to Debtors and Officers Liability Insurance Policy* (D.I. 137) (the "Motion") filed by Lawrence Chimerine, David Golush, James Howard, Alan Master, Robert Perro, William Rhodes and John Selman, on behalf of themselves and all other Directors and Officers (as defined in the XL Specialty Policy) of Franklin Bank Corporation; and the Court having reviewed and considered the *Limited Objection of the FDIC as Receiver for Franklin Bank S.S.B. to Second Motion for Order Authorizing Advancement by Insurer of Defense Expenses of Insured Persons Pursuant to Directors and Officers Liability Policy* (D.I. 142) ("Objection") and paragraph 2 herein resolving the Objection; and the Court having found that (a) the Court has jurisdiction to consider the Motion and the relief requested therein; (b) notice of the Motion was sufficient under the circumstances; and (c) the relief set forth herein is in the best interests of the Debtor, its creditors and all parties in interest;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. XL Specialty[1] is permitted to advance Defense Expenses to the following Former Directors and Officers of Franklin Bank who have been named as a defendant in the Franklin Bank Corp. Securities Litigation under the XL Specialty Policy (subject to the terms and conditions of the XL Specialty Policy and XL Specialty's reservation of rights): Lawrence Chimerine, David Golush, James Howard, Alan Master, Robert Perro, William Rhodes and John Selman. To the extent applicable and necessary, the automatic stay imposed by section 362 of the Bankruptcy Code is modified to permit such advancement.

3. Nothing in this Order shall modify or alter the terms and conditions of the XL Specialty Policy or the parties' contractual rights and obligations thereunder.

4. This Order is entered without prejudice to any party-in-interests' position regarding whether the Proceeds of the XL Specialty Policy are property of the Debtor's estate, and all parties-in-interest reserve their rights with respect to that issue. Nothing in this Order shall be deemed to represent an adjudication of (or to have res judicata or precedential value concerning) the question of whether the Proceeds of the XL Specialty Policy are property of the Debtor's estate subject to 11 U.S.C. § 362(a).

5. The Court shall retain jurisdiction to interpret and enforce the terms of this Order and the Stipulation.

Dated: March 11, 2010

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

759555v2

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Motion.