# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRANKLIN BANK CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 08-12924 (CSS)<br><br>Objections Due: September 3, 2010 at 4:00 p.m. (Requested)<br>Hearing: September 8, 2010 at 12:15 p.m. (Requested) |

## MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AN ORDER ENFORCING THE AUTOMATIC STAY PURSUANT TO SECTION 362 AND ENJOINING THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FRANKLIN BANK S.S.B. FROM INTERFERING WITH PROPERTY OF THE DEBTOR'S ESTATE

George L. Miller, chapter 7 Trustee ("Trustee") of the above-captioned debtor Franklin Bank Corporation (the "Debtor" or "FBC"), by and through his undersigned counsel, hereby moves this Court, pursuant to Sections 105 and 362 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), for an order enforcing the automatic stay and enjoining the Federal Deposit Insurance Corporation as Receiver for Franklin Bank S.S.B. ("FDIC-R") from interfering with property of the Debtor's estate, specifically with respect to any matters related to consolidated tax returns filed or to be filed by the Trustee on behalf of the Debtor (the "Tax Filings"). In support of this Motion, the Trustee respectfully represents as follows:

## PROCEDURAL AND FACTUAL BACKGROUND

1. FBC was a Texas based savings and loan holding company headquartered in Houston, Texas, organized and existing under the laws of the state of Delaware. FBC's subsidiary Franklin Bank S.S.B. ("Franklin Bank") was a Texas state savings bank that was

closed by the Texas Department of Savings and Mortgage Lending on November 7, 2008. The FDIC-R was appointed receiver for Franklin Bank.

2. Thereafter, on November 12, 2008 (the "Petition Date"), FBC commenced a voluntary case under chapter 7 of the Bankruptcy Code in this Court and George L. Miller was appointed Trustee for the Debtor on November 13, 2008.

3. Upon his appointment, the Trustee immediately began administering the Debtor's estate and performing his duties as Trustee.

4. On or about October 15, 2009, FDIC-R filed a Proof of Claim (Claim No. 22) (the "FDIC-R Proof of Claim") in this Bankruptcy Case in which it asserted, inter alia, administrative and unsecured claims in an unknown amount based on the tax refunds received or to be received by the Debtor's estate.

5. On or about August 12, 2010, the FDIC-R filed a Motion for an Order Confirming that the Automatic Stay Does not Apply or, in the Alternative, for an Order Granting Relief From the Automatic Stay [D.I. 165] ("FDIC-R's Motion"). By its Motion, the FDIC-R seeks authority from this Court to file its own tax returns in breach of the prior agreement between FBC and Franklin Bank regarding tax matters and in violation of applicable law and treasury regulations, as explained below.

### A. The Tax Allocation Agreement Between FBC and Franklin Bank Gives the Debtor Total and Sole Authority to Handle Tax Issues

6. FBC and Franklin Bank were parties to a "Tax Allocation Agreement" with an effective date of April 10, 2002 (the "Tax Agreement"), a copy of which is attached hereto as Exhibit "A." Pursuant to the terms of the Tax Agreement, only the Debtor has authority to file consolidated tax returns on behalf of itself, Franklin Bank and any other FBC subsidiaries. The Debtor has complete control with respect to Tax Filings, which includes exclusive authority to

2

file claims for refunds or credits. (See, e.g., Tax Agreement, Sections 2.1(c) and 5.5). As part of its contractual obligations, Franklin Bank agreed to cooperate with the Debtor as to the filing of consolidated tax returns. (Tax Agreement, Section 2.1(d)). The Tax Agreement applies not only to consolidated tax returns, but also to "unitary" tax returns. (Tax Agreement, Section 5.5).

7. The authorizations and obligations of the Tax Agreement survive any termination of the Tax Agreement for any taxable year (or portion thereof) ending on or prior to termination of the Tax Agreement. (Tax Agreement, Section 2.2). Thus, even if the FDIC-R contends the Tax Agreement terminated post-petition or was repudiated by the FDIC-R, the terms of the Tax Agreement still control for all tax years prior to and including 2008.

8. Section 2.1 of the Tax Agreement designates the Debtor as the "agent" for Franklin Bank pursuant to 26 C.F.R. § 1.1502-77(a) ("Treas. Reg. § 1.1502-77"). Franklin Bank and, accordingly, the FDIC-R, do not have authority to act for or to represent themselves or the consolidated group in any matter relating to, among other things, the consolidated group's tax elections and tax filings. (Tax Agreement, Section 2.1(c)). Any and all tax positions and filings for tax years through 2008 are the sole responsibility of the Debtor.

**B.  Treasury Regulation § 1.1502-77(a)(2) Designates the Debtor as the Agent and Spokesperson for Franklin Bank in Connection with the Tax Filings**

9. Treasury Regulations also support the Debtor's exclusive authority to deal with the IRS with respect to Tax Filings for years up to and including not only 2008 but also 2009. A common parent acts as an agent when it files claims for refund, and any refund is to be made directly to and in the name of the common parent. *See* Treas. Reg. § 1.1502-77(a)(2)(v). The common parent of the affiliated entities is "the spokesperson" for the group and ensures that the IRS can efficiently deal with only one member of the consolidated tax group without incurring liability to other members or having to deal with each member of the group and subjecting the

IRS to differing or conflicting authority. *In re Team Financial Inc., et al. v. FDIC (In re Team Financial, Inc.)*, 2010 WL 1730681, *6 (Bankr. D. Kan. April 27, 2010). The designation of a "spokesperson" makes the administration of consolidated tax returns more efficient when the parent acts as the sole agent, duly authorized by the subsidiary to handle all matters relating to the tax return. *Id.*

10. While the FDIC-R filed a Form 56-F with the IRS, that form only identified the FDIC-R as a fiduciary of Franklin Bank. As stated in the FDIC-R's Motion, Form 56-F merely places the IRS on notice that the FDIC-R is acting for the failed institution [Franklin Bank]. (FDIC-R's Motion, p. 2, fn 2). Form 56-F does not grant the FDIC-R any authority to act with respect to the Tax Filings.

### C. The FDIC-R Has Previously Contacted the IRS With Respect to Tax Filings for Prior Years

11. In the past, FDIC-R has taken action with the IRS regarding consolidated Tax Filings. On or about November 17, 2008, FDIC-R filed the 2007 federal tax return on behalf of "Franklin Bank Corporation and its Subsidiaries". At the request of the FDIC-R, the IRS sent the refund of over $7 million to the FDIC-R, which negotiated the refund check. This post-petition action, in violation of the automatic stay, was done without the knowledge or permission of the Trustee or this Court. It also constituted a violation of the Tax Agreement and relevant Treasury Regulations.

12. Further, the FDIC-R has had contact with the IRS in connection with the 2005 and 2007 amended consolidated tax returns filed by the Trustee on behalf of the Debtor. The contact resulted in the IRS copying FDIC-R personnel on a letter to the Trustee regarding these returns. Only the Debtor is authorized to communicate with the IRS with respect to Tax Filings based on both the Tax Agreement and Treasury Regulations. Moreover, the previously filed tax

4

returns and any audits or amendments to those returns, relate to property of the Debtor's estate and are protected by the automatic stay.

13. Any interference by FDIC-R as to the Tax Filings could compromise and potentially damage property of the Debtor's estate. Thus, the Trustee seeks an order enforcing the automatic stay and enjoining FDIC-R from communicating with the IRS in connection with the Tax Filings and any audit, review or other action by the IRS concerning or amendment regarding the Tax Filings.

## JURISDICTION

14. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 105, 362(a) and 541(a).

## RELIEF REQUESTED

15. By this Motion, the Trustee seeks an order pursuant to Bankruptcy Code sections 105 and 362 enforcing the automatic stay and enjoining FDIC-R from communicating with the IRS in connection with the Tax Filings. The Trustee has attached a proposed form of order (the "Proposed Order"), and reserves the right to seek additional relief in connection with this matter as deemed necessary.

## GROUNDS FOR RELIEF

16. Section 105(a) of the Bankruptcy Code provides in pertinent part:

> The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary

> or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

17. Section 362(a) of the Bankruptcy Code provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities of -
>
> \* \* \* \* \* \*
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a).

18. Section 362(a)(3) implements a stay of any action, whether against the debtor or third parties, that seeks to obtain possession of or exercise control over property of a debtor's estate. The automatic stay applies to FDIC-R. *FDIC, et al. v. Hirsch, et al. (In re Colonial Realty Co.)*, 980 F.2d 125, 134 (2d Cir. 1992). The automatic stay also applies to actions taken by a receiver to exercise control over property of the debtor's bankruptcy estate. *See In re Hull*, 2003 WL 22000599, \*2 (Bankr. D. Del. Aug. 19, 2003) citing *Underwood v. Hilliard (In re Rimsat, Ltd.)*, 98 F.3d 956, 961 (7th Cir. 1996); *In re Charlestown Holdings, Inc., et al. v. FDIC, et al. (In re Competrol Acquisition Partnership, L.P.)*, 176 B.R. 723, 729 (Bankr. D.Del. 1994)(FDIC's post petition possession of marina violated the automatic stay). As a result, FDIC-R is required to obtain relief from the automatic stay when attempting to take control or possession of property of the Debtor's estate.

19. Similarly, where a non-debtor's action with respect to an interest that is intertwined with that of a debtor would have the legal effect of diminishing or eliminating property of the estate, such action is barred by the automatic stay. *Official Committee of*

6

*Unsecured Creditors, et al. v. PSS Steamship Co., Inc. (In re Prudential Lines Inc.)*, 923 F.2d 565, 574 (2d Cir. 1991). Even the act of sending a letter to a third party violates the automatic stay when the letter attempts to "exercise control" over property of the debtor's estate. *In re All Trac Transp.*, 306 B.R. 859, 880 (Bankr. N.D. Tex. 2004).

20. A debtor has a property interest in its tax refund claims and that interest vests in the trustee on the petition date. *In re Glenn*, 207 B.R. 418, 421 (E.D. Pa. 1997). Courts have consistently held that federal tax refunds themselves have long been defined as property of the estate for purposes of bankruptcy pursuant to 11 U.S.C. § 541(a)(1). *In re Harchar*, 2006 WL 3196846, *9 (Bankr. N.D. Ohio Oct. 6, 2006)(debtor's federal tax refund was property of the estate because section 541(a)(1) is expansive and includes all of a debtor's legal and equitable interests in property); *Williams v. Johnson (In re Williams Bros. Asphalt Paving Co.)*, 56 F.3d 66 (6th Cir. 1995)(debtor's anticipated refund was property of the estate).

21. A debtor's tax loss for a current tax year, and a corresponding tentative refund claim for previous tax years, are also property of the debtor's estate when the debtor files for bankruptcy relief before the end of the current tax year. *In re Flying J, Inc.*, 2009 WL 5215000, *4 (Bankr. D. Del. Dec. 28, 2009). A tax refund generated from a debtor's loss is "sufficiently rooted in the pre-bankruptcy past" making it property of the estate. *Id. citing Segal v. Rochelle*, 382 U.S. 375, 380 (1966). The debtor's net operating loss carryforwards, other carryforwards, and other losses are property of the debtor's estate and are protected by section 362(a). *In re Magna Entm't Corp.*, Bankr. Case No. 09-10720 (MFW), slip op. at p. 2 (Bankr. D.Del. March 17, 2010)(Attached as Exhibit "B").

22. One of the principal purposes of the automatic stay is to preserve the property of the debtor's estate, wherever found, under the control of the court, for equal distribution among

7

all creditors. *In re Braniff Int'l Airlines, Inc.*, 164 B.R. 820, 827 (Bankr. E.D.N.Y. 1994).

Section 541(a)(1) of the Bankruptcy Code provides in pertinent part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

23. The Trustee, in fulfillment of his fiduciary duties and responsibilities, seeks to preserve the property of the Debtor's estate for equal distribution amongst all creditors. There are other claimants in this Bankruptcy Case, who have filed proofs of claim totaling over $100 million. The Trustee, acting in the best interest of all creditors, seeks to maximize the value of all estate assets. This interest is not shared by FDIC-R. Instead, there exists the threat that the FDIC-R will undertake action with the IRS by which FDIC-R will seek to benefit itself to the detriment of the Debtor's estate.

24. Here, FDIC-R previously interacted with the IRS by filing a consolidated tax return in the name of the Debtor and the consolidated tax group and by communicating with IRS personnel reviewing consolidated amended 2005 and 2007 tax returns filed by the Trustee on behalf of the Debtor. These actions were in violation of the automatic stay because the FDIC-R is attempting to control property of the Debtor. In addition, the actions violated the Tax Agreement, which provided that the Debtor had the sole and exclusive authority to determine the tax treatment for the consolidated tax group and to file claims for returns, amendments and refunds. Lastly, the FDIC-R has no authority and is barred from communicating with the IRS concerning the consolidated tax returns pursuant to Treasury Regulations. As this has not

stopped FDIC-R in the past, the Trustee seeks the relief set forth herein in order to protect property of the estate to maximize the potential recovery for all creditors[1].

## CONCLUSION

25. For the foregoing reasons, it is respectfully submitted that this Court should enter an order in the form attached hereto enforcing the automatic stay and enjoining FDIC-R from further attempts to control property of the Debtor's estate.

WHEREFORE, the Trustee respectfully requests the Court to enter an order: (a) enforcing the automatic stay as to the Tax Filings; (b) enjoining FDIC-R from communicating with the Internal Revenue Service in connection with any matters involving the Tax Filings; (c) providing that sanctions will be imposed upon a showing of a violation by the FDIC-R; and (d) granting such other and further relief as the Court deems just and proper.

Dated: August 26, 2010
Wilmington, Delaware

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By: /s/ Linda Richenderfer
Linda Richenderfer, Esq. (DE Id. No. 4138)
Sally E. Veghte, Esq. (DE Id. No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
lrichenderfer@klehr.com
sveghte@klehr.com

*Counsel to George L. Miller,
Chapter 7 Trustee*

---

[1] In addition to FDIC-R's past violation of the automatic stay with respect to interaction with the IRS, there have been continued problems regarding the Trustee not receiving the Debtor's mail. Early in this case, FDIC-R cancelled the Trustee's forwarding instruction given to the US Postal Service. Eventually an agreement was reached whereby FDIC-R forwarded the Debtor's mail to the Trustee along with weekly mail logs. No mail or logs have been received now for several months. Due to these types of issues, the Trustee requests an automatic sanctions provision in the Court's order to be imposed upon any violation by the FDIC-R.

9

PHIL1 1198054-2