**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FRANKLIN BANK CORPORATION, | ) | Case No. 08-12924 (CSS) |
| | ) | |
| Debtor. | ) | **Objections due: Sept. 3, 2010 @ 4:00 p.m.** |
| | ) | **Hearing: Sept. 8, 2010 @ 12:15 p.m.** |
| | ) | **Related Docket Entry No. 168** |

**OBJECTION OF THE FDIC AS RECEIVER
FOR FRANKLIN BANK S.S.B. TO MOTION OF GEORGE L. MILLER,
CHAPTER 7 TRUSTEE, FOR AN ORDER ENFORCING THE AUTOMATIC
STAY PURSUANT TO SECTION 362 AND ENJOINING THE FEDERAL DEPOSIT
INSURANCE CORPORATION AS RECEIVER FOR FRANKLIN BANK, S.S.B. FROM
INTERFERING WITH PROPERTY OF THE DEBTOR'S ESTATE [D.E. No. 168]**

The Federal Deposit Insurance Corporation ("FDIC") as receiver for Franklin Bank, S.S.B. (the "FDIC-R" and the "Bank," respectively), by its undersigned counsel and pursuant to Rule 9013-1(h), files this Objection ("Objection") to the *Motion of George L. Miller, Chapter 7 Trustee, for an Order Enforcing the Automatic Stay Pursuant to Section 362 and Enjoining the Federal Deposit Insurance Corporation as Receiver for Franklin Bank, S.S.B. from Interfering with Property of the Debtor's Estate* ("Motion to Enjoin"). In support thereof, the FDIC-R asserts as follows:

**STATEMENT OF ISSUE**

The Trustee's Motion to Enjoin is essentially a cross-motion to the FDIC-R's previously filed *Motion for an Order Confirming that the Automatic Stay Does Not Apply or, in the Alternative, for an Order Granting Relief from the Automatic Stay* [Docket Entry No. 165] ("Motion to Confirm"). These motions arise from the fact that the Trustee has refused to cooperate with the FDIC-R in the preparation of amended income tax returns which have major consequences for both parties and that are due by September 15, 2010. Although the Trustee

recently stated that he has filed amended returns for the consolidated group, the Trustee continues to refuse to share copies of the return, and has apparently submitted returns containing information and positions with which the FDIC-R disagrees.

In cases like this, where there is a disagreement between the consolidated group agent and a group member that is in FDIC receivership, Title 26 of the United States Code (the "Internal Revenue Code") and regulations of the Internal Revenue Service ("IRS") provide a procedure for the FDIC-R to submit separate return information. The IRS will then make a determination of the proper treatment after examining both returns. But the IRS cannot take into account the FDIC-R's position unless it submits its own return. The Trustee's Motion to Enjoin seeks to prevent the FDIC-R from exercising this specific statutory right and duty by asking the Bankruptcy Court to enjoin the FDIC-R from communicating with the IRS.

The Trustee ignores controlling law in making its request of the Court. The Trustee argues that it has the sole right to communicate with the IRS concerning tax issues, because prior to the bankruptcy, as permitted by IRS regulations, the Bank and the holding company filed consolidated tax returns, with the holding company designated as the agent for the consolidated group. But the same regulation the Trustee cites as its authority for being the sole agent contains a provision specifying that, when the consolidated group contains, as it now does, a failed financial institution such as the Bank, a different regulation applies. The Trustee's Motion to Enjoin conspicuously ignores that controlling regulation. The Trustee's failure to address the regulation is inexcusable since the FDIC-R had relied on it in its Motion to Confirm.

Title 12 of the United States Code bars any court from issuing an injunction preventing the FDIC from exercising its functions as receiver for a failed financial institution. 12 U.S.C. § 1821(j). The Motion to Enjoin sets up a direct conflict between Title 12 and Title 11 that is both

unnecessary and procedurally improper. Any request for an injunction must be brought by adversary proceeding. And no request for injunctive relief could be justified because the FDIC-R is not proposing to take any action that would obtain possession of or exercise control over property of a debtor's estate. Any determination made by the IRS concerning the amount of the refund after competing returns are filed does not determine which entity, as between the Trustee and the FDIC-R owns the refund or any share of the refund. That is a separate issue for later determination by a competent court. The only matters at issue are whether the automatic stay prevents the FDIC-R from exercising its tax rights and whether the IRS will have the benefit of the FDIC-R's information in making its determination of the proper amount of the refund.

## PROCEDURAL AND FACTUAL BACKGROUND

1. Effective November 6, 2009, an amendment to the Internal Revenue Code known as the Worker, Homeownership and Business Assistance Act of 2009 enlarged the time period for carrying back tax net operating losses ("NOLs") from two years to five years.

2. Section 13(a) of the Worker, Homeownership and Business Assistance Act of 2009 and Revenue Procedure 2009-52-4.01(3)-(4) (November 4, 2009) set a mandatory deadline of September 15, 2010 for filing refund carryback elections for 2008 and 2009 NOLs.

3. The FDIC is an independent agency created by Congress that maintains the stability and public confidence in the nation's financial system by insuring deposits, examining and supervising financial institutions, and managing receiverships. On November 7, 2008 (the "Bank Closing Date"), the Texas Department of Savings and Mortgage Lending closed the Bank and appointed the FDIC as the Receiver of the Bank.

4. Prior to the Bank Closing Date, Franklin Bank Corporation, the debtor herein ("Debtor"), was the holding company of the Bank. On November 12, 2008 (the "Petition Date"),

the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of 11 U.S.C. §§ 101 – 1532 ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). George L. Miller ("Trustee") was subsequently appointed as the Chapter 7 Trustee for the estate of the Debtor.

5. Prior to the Petition Date, the Debtor and the Bank were parties to a Tax Allocation Agreement, dated December 23, 2003, as amended ("Tax Allocation Agreement"). The Tax Allocation Agreement stems from provisions in the Internal Revenue Code permitting affiliated groups to file a consolidated tax return. 26 U.S.C. § 1504. Pursuant to 26 C.F.R. § 1.1502-77 ("Treas. Reg. § 1.1502-77") a common parent of a consolidated group is designated to act as the agent for the group with respect to all matters relating to the tax liability for the consolidated return years. As Chapter 7 trustee for the Debtor's estate, this right falls to the Trustee.

6. Under § 6402(k) of the Internal Revenue Code and 26 C.F.R. § 301.6402-7 ("Treas. Reg. § 301.6402-7"), the FDIC-R, as a fiduciary of the Bank, is entitled to:

a) file a claim for a refund and/or a loss return for the 2009 tax year;

b) file any amendments to prior years' returns as may be permitted under the law; and

c) take such other actions as may be necessary to protect and preserve the claims of the Receivership estate to tax refunds

(collectively, the "Tax Rights"). This provision permits the FDIC-R to file a tax returns, as well as amendments to prior years' returns, on behalf of the Bank separate from the Debtor and assert its own basis for tax refunds (the "Fiduciary Tax Filings").

7. The FDIC-R has consistently urged the Trustee to work cooperatively with the FDIC-R to file a single consolidated return and amended returns to maximize the amount of any tax refunds available to the Debtor and/or the Bank. The Trustee, however, has not accepted the offer to cooperate, and has not shared any information with the FDIC-R as to tax returns that have been filed or will be filed by the Trustee.

8. Due to the pending deadline, on August 12, 2010, the FDIC-R filed the Motion to Confirm. In the Motion to Confirm, the FDIC-R seeks an order confirming that the automatic stay does not apply to the FDIC-R's exercise of the Tax Rights. In the alternative, the FDIC-R seeks an order lifting the automatic stay so that the FDIC-R may make Fiduciary Tax Filings.

9. Instead of simply objecting to the Motion to Confirm, the Trustee filed a cross motion, the Motion to Enjoin, on August 26, 2010. In the Motion to Enjoin, in addition to seeking enforcement of the automatic stay to preclude the FDIC-R from making Fiduciary Tax Filings, the Trustee seeks an order "enjoining FDIC-R from communicating with the IRS" in all matters relating to the tax liability for the consolidated return years in violation of the FDIC's Tax Rights. Motion to Enjoin, ¶ 15.

## ARGUMENT

**I. The Trustee's Request for Injunctive Relief Against the FDIC-R in the Motion to Enjoin is Procedurally and Substantively Improper and Prohibited by Statute.**

In the Motion to Enjoin, the Trustee goes beyond invoking enforcement of the automatic stay, and requests an order enjoining the FDIC-R from communicating with the IRS in connection with tax liability for any members of the consolidated group. In addition to failing as a procedural matter and demanding relief to enjoin the FDIC-R from engaging in the congressionally approved conduct of exercising the Tax Rights and making the Fiduciary Tax Filings, the injunctive relief sought by the Trustee is prohibited by federal law.

**A. Requests for Injunctive Relief Must be Brought by Adversary Proceeding**

Any injunctive relief sought by the Trustee in the Motion to Enjoin must be denied due to a serious procedural defect. Federal Rule of Bankruptcy Procedure 7001(7) requires that a "proceeding to obtain an injunction or other equitable relief . . ." must be brought by an adversary proceeding. Fed. R. Bankr. P. 7001(7). *See also In re Heisson*, 192 B.R. 294, 296 (Bankr. D. Mass.,1996) *rev'd on other grounds*, 217 B.R. 1 (D. Mass.,1997) (explaining " a request for injunctive relief should be made by complaint rather than motion"). No adversary proceeding has been commenced under Federal Rule of Bankruptcy Procedure 7003. This is the second time in this proceeding that the Trustee has attempted to evade the requirements of bankruptcy procedure by requesting by motion an order for relief against the FDIC-R that can only be sought through the initiation of an adversary proceeding.

**B. Title 26 of the United States Code and Related Treasury Regulations Authorize the FDIC-R to Make Separate Fiduciary Tax Filings on Behalf of the Bank.**

The Trustee argues in the Motion to Enjoin that Treas. Reg. § 1.1502-77 supports his claim that the FDIC-R "has no authority and is barred from communicating with the IRS concerning the consolidated tax returns." Motion to Enjoin, ¶ 24. As explained above, Treas. Reg. § 1.1502-77(a) does contain general provisions authorizing a common parent of a consolidated group to act as the agent for purposes of communicating with the IRS with respect to all matters related to tax liability for the consolidated return years. However, Treas. Reg. § 1.1502-77(g) contains specific instructions in the event that the consolidated group includes an insolvent financial institution, directing: "[f]or further rules applicable to groups that include insolvent financial institutions, see § 301.6402-7 of this chapter." 26 C.F.R. § 1.1502-77(g). Treas. Reg. § 301.6402-7 further explains:

6

> Notwithstanding the general treatment of a common parent as the agent of a group under §§ 1.1502-77 and 1.1502-78 of this chapter, if the fiduciary satisfies the notice requirements of paragraph (d)(1) of this section, the fiduciary may also be deemed to be an agent under §§ 1.1502-77 and 1.1502-78 of this chapter. . .

26 C.F.R. § 1.1502-77(c). Therefore Treas. Reg. § 301.6402-7(c) entitles the FDIC-R to act as an agent for the Bank despite the provisions of the Tax Allocation Agreement and Treas. Reg. § 1.1502-77. Internal Revenue Code § 6402(k) and Treas. Reg. § 301.6402-7 further permits the FDIC-R to file Fiduciary Tax Filings, which is what, in an abundance of caution, the FDIC-R seeks Bankruptcy Court approval to do in the Motion to Confirm.

### C. Title 12 of the United States Code Bars Any Court From Enjoining the FDIC-R

The FDIC is a corporation organized and existing pursuant to the Federal Deposit Insurance Act, 12 U.S.C. § 1811, *et seq*. ("FDI Act"). Pursuant to § 1821(d)(2)(A)(i) of the FDI Act, the FDIC-R succeeded by operation of law to all rights, titles, powers, and privileges, including legal claims, of the Bank, and of any stockholder, member, accountholder, depositor, officer, or director of the Bank with respect to the Bank and the assets of the Bank. *See* 12 U.S.C. § 1821(d)(2)(A)(i). The FDI Act prohibits any court from taking any action "to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or receiver." 12 U.S.C. § 1821(j). Numerous courts have accordingly found themselves without jurisdiction to enjoin or otherwise interfere with actions taken by the FDIC when acting within the scope of its authority as receiver or conservator. *See, e.g., Bank of Am. Nat'l Ass'n v. Colonial Bank*, 604 F.3d 1239 (11th Cir. 2010); *Gross v. Bell Sav. Bank PA SA*, 974 F.2d 403, 408 (3d Cir. 1992) (holding that "the district court does not have the ability to enjoin activity by the RTC where the Corporation is colorably acting within its enumerated powers."); *Telematics Int'l, Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703 (1st Cir. 1992) (federal court lacks jurisdiction to enjoin FDIC from foreclosing on a certificate of deposit to which it acquired a secured interest as receiver); *281-*

7

*300 Joint Venture v. Onion*, 938 F.2d 35 (5th Cir. 1991) (district court lacked ability to enjoin the RTC, acting as conservator, from foreclosing on property that served as security for the failed institution's loan).

The powers of the FDIC, as Receiver, include the power to:

(A)  take over the assets of and operate the insured depository institution with all the powers of the members or shareholders, the directors, and the officers of the institution and conduct all business of the institution;

(B)  collect all obligations and money due the institution;

(C)  perform all functions of the institution in the name of the institution which are consistent with the appointment as conservator or receiver; and

(D)  preserve and conserve the assets and property of such institution.

12 U.S.C. § 1821(d)(2)(B). Additionally, the FDIC may exercise "such incidental powers as shall be necessary" to carry out the powers specifically enumerated in Title 12. 12 U.S.C. § 1821(d)(2)(J). Exercise of the Tax Rights, including making Fiduciary Tax Filings, by the FDIC-R is therefore clearly within the scope of Receivership authority.

**II.  The Automatic Stay of Title 11 of the United States Code Does Not Apply to Statutorily Enjoin the FDIC-R Because the FDIC-R's Communication with the IRS Through Submission of Fiduciary Tax Filings Will Not Result in the FDIC-R Obtaining Possession of or Exercising Control Over Property of the Estate.**

Section 362 of the Bankruptcy Code effectuates a stay of, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . ." 11 U.S.C. § 362(a)(3). The Fiduciary Tax Filings for which the FDIC-R, in an abundance of caution, seeks Bankruptcy Court permission to make prior to the September 15, 2010 deadline neither assert possession of property of the estate nor exercise control over property of the estate. As explicitly stated in Treas. Reg. § 301.6402-7, a payment

by the IRS to the FDIC-R in connection with such Fiduciary Tax Filings is "not determinative of ownership of any such [refund or tentative carryback adjustment] amount among current or former members of a consolidated group." 26 C.F.R. § 301.6402-7(j). Even if the IRS decided to remit the tax refunds to the FDIC-R on account of the Fiduciary Tax Filings, the FDIC-R has pledged to follow the existing Escrow Account stipulation, which the Bankruptcy Court approved by Order entered July 20, 2009 [Docket No. 106], until the parties' respective rights to the tax refunds can be adjudicated. Any rights that the Trustee can assert in the tax refunds remain undisturbed and the tax refunds themselves do not fall under the control of the FDIC-R because they are placed in the Escrow Account pending a determination of ownership. *See In re Warwick*, 179 B.R. 582, 586-87 (Bankr.W.D. Ark.,1995) (noting that "maintenance of the status quo is not, generally, a violation of the automatic stay").

In the Motion to Enjoin, the Trustee attempts to invoke the automatic stay in connection with the FDIC-R's purported interference with the Debtor's asserted right to be the "spokesperson" with the IRS for the consolidated tax returns. Spokesperson status is not a property right to be protected by the automatic stay, but the Trustee attempts to use the purported "interference" to transform the shield of the automatic stay into a sword to damage the FDIC-R's interests in the tax refunds by preventing the Fiduciary Tax Filings. Unlike the scenario described above, where in the event that the IRS decides to pay a tax refund to the FDIC-R in connection with the Fiduciary Tax Filings the tax refund is placed into the Escrow Account as agreed between the parties and no property interests are affected, if the FDIC-R is not permitted to make the Fiduciary Tax Filings property of the Receivership may be lost because the rights that must be asserted in the Fiduciary Tax Filings cannot be recovered after the September 15, 2010 deadline.

9

**III.     Allowance of the Relief Sought by the FDIC-R Preserves the Status Quo, and Allowance of the Relief Sought by the Trustee Damages a Property Right of the FDIC-R.**

The Trustee asserts a general threat to the estate in the Motion to Enjoin but does not specify a property interest that will be interfered with if the FDIC-R is permitted to proceed with making the Fiduciary Tax Filings. The FDIC-R is seeking permission to make the Fiduciary Tax Filings in order to preserve its rights to tax refunds for which ownership has not been determined and will not be determined by the FDIC-R's filing of returns as permitted in the case of insolvent financial institutions. Any tax refunds received by the FDIC-R as a result of the Fiduciary Tax Filings will be placed in the Escrow Account per the current agreement between the Trustee and the FDIC-R, and any contrary positions taken by the FDIC-R in the Fiduciary Tax Filings with those taken by the Trustee in the consolidated returns can be sorted out at a later time. At most, the filing of multiple returns may contribute to a delay in the issuance of the tax refunds.

In contrast, an analysis of the practical effects of granting the Trustee's Motion to Enjoin reveals that the FDIC-R would be prevented from asserting its rights as obligated on behalf of the Receivership of the Bank. The pending tax deadline draws a line in the sand, not as to the ownership of the tax refunds, but as to the FDIC-R's right to present its interpretation of the tax returns to the IRS given the Trustee's lack of cooperation and unwillingness to provide information as to the tax returns filed on behalf of the estate. If the deadline passes and the FDIC-R is not permitted to exercise the Tax Rights as to the years at issue, the right to do so is lost, and the FDIC-R's undetermined property rights in the corresponding tax refunds may be damaged or destroyed.

## CONCLUSION

The Motion to Enjoin fails in many respects. First, the Trustee seeks to enjoin the FDIC-R through the improper vehicle of a motion. Second, the Trustee asks the Bankruptcy Court to forbid the FDIC-R from communicating with the IRS when Congress has specifically given the FDIC-R the right to file tax returns on behalf of the Bank and has forbidden the Bankruptcy Court from restraining the FDIC from acting within the scope of its receivership authority. Next, the Trustee appeals for statutory enjoinment of the FDIC-R through enforcement of the automatic stay, but because the actions the FDIC-R seeks to take in connection with the tax returns do not interfere with or assert control over property of the estate, they are not prevented by the automatic stay. Finally, the Motion to Enjoin fails to explain any potential damage that might occur to the estate by allowing the FDIC's Motion to Confirm because in the Motion to Confirm the FDIC-R seeks to the preserve the status quo, while in the Motion to Enjoin the Trustee seeks to exercise irrevocable control over the FDIC-R's rights to present its interpretation as to the tax returns to the IRS.

WHEREFORE, the Federal Deposit Insurance Corporation, as receiver for Franklin Bank, S.S.B., respectfully requests this Court enter an order:

a) denying the Motion of George L. Miller, Chapter 7 Trustee, for an Order Enforcing the Automatic Stay Pursuant to Section 362 and Enjoining the Federal Deposit Insurance Corporation as Receiver for Franklin Bank, S.S.B. from Interfering with Property of the Debtor's Estate in its entirety; and

b) granting such other and further relief as this Court may deem equitable and proper.

Dated: September 2, 2010                    Respectfully submitted:

MCCARTER & ENGLISH, LLP

/s/ William F. Taylor, Jr.
William F. Taylor, Jr. (DE Bar #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Telephone: 302-984-6300
Facsimile: 302-984-6399
wtaylor@mccarter.com

and

Marc E. Albert, *Pro Hac Vice*
Darrell W. Clark, *Pro Hac Vice*
Steven K. White, *Pro Hac Vice*
STINSON MORRISON HECKER LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036
Tel: 202-785-9100
Fax: 202-785-9163
malbert@stinson.com
dclark@stinson.com
swhite@stinson.com

and

Federal Deposit Insurance Corporation
Legal Division
Kathryn R. Norcross, Senior Counsel
B. Amon James, Counsel
3501 Fairfax Drive, VS-D-7074
Arlington, Virginia  22226
Telephone:  703.562.2631

*Counsel for the Federal Deposit Insurance Corporation, in its capacity as Receiver of Franklin Bank, S.S.B.*