# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FRANKLIN BANK CORPORATION, <br><br> Debtor. | Chapter 7 <br><br> Case No. 08-12924 (CSS) <br><br> Objections Due: September 15, 2010 at 4:00 p.m. <br> (Requested) <br> Hearing: TBD |

## MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR AN ORDER AUTHORIZING AND DIRECTING THE PRODUCTION OF DOCUMENTS AND INFORMATION FROM NON-DEBTOR PROSPERITY BANK PURSUANT TO BANKRUPTCY RULE 2004

George L. Miller, Chapter 7 Trustee ("Trustee") of the above-captioned debtor Franklin Bank Corporation (the "Debtor" or "FBC"), by and through his undersigned counsel, hereby moves this Court, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 2004-1 of the Local Bankruptcy Rules for the District of Delaware (as amended, the "Local Rules") for an order authorizing and directing the production of documents and information as described herein from non-debtor Prosperity Bank ("Prosperity"). In support of this Motion, the Trustee respectfully represents as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

1. FBC was a Texas based savings and loan holding company headquartered in Houston, Texas, organized and existing under the laws of the state of Delaware. FBC's subsidiary Franklin Bank, S.S.B. ("Franklin Bank") was a Texas state savings bank that was closed by the Texas Department of Savings and Mortgage Lending on November 7, 2008. The Federal Deposit Insurance Corporation was appointed receiver for Franklin Bank.

2. Thereafter, on November 12, 2008 (the "Petition Date"), FBC commenced a voluntary case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in this Court and George L. Miller was appointed Trustee for the Debtor on November 13, 2008.

3. Upon his appointment, the Trustee immediately began administering the Debtor's estate and performing his duties as Trustee.

4. According to the Debtor's Schedule B listing Personal Property, the Debtor maintained at least one (1) bank account at Franklin Bank, which the Trustee has been informed was transferred to Prosperity as part of the Franklin Bank assets sold to that entity. Specifically, the Debtor maintained an operating account bearing the following account number: XXX073 (the "Account").[1] The Trustee seeks information related to the Account along with any and all other accounts in the Debtor's name.

5. According to the Debtor's Schedule B listing Personal Property, as of the Petition Date, the funds in the Account totaled at least $59,202.22.

6. On January 27, 2009, the Trustee forwarded a demand letter and Notice of Appointment notifying Prosperity of his status as Chapter 7 Trustee and directing Prosperity to close all accounts (the "Demand Letter"). The Trustee also directed Prosperity to forward all remaining funds from all accounts along with all bank records, account statements, cancelled checks and documentation (the "Account Records") to his office effective immediately. (A true and correct copy of the January 27, 2009 Demand Letter with the enclosed Notice of Appointment are attached hereto as Exhibit "A").

---

[1] Only the last three digits of the account number are shown. The full account number will be made available by counsel for the Trustee to Prosperity if the information is necessary.

PHIL1 1219031-2

7. When no response was received, counsel for the Trustee next contacted Prosperity's controller, Ms. Humphrey. At her direction, a letter dated March 16, 2009 was sent to Peter E. Fisher, Esquire, Prosperity's General Counsel, seeking all Account funds and Account Records in addition to any other remaining funds in other Debtor accounts and information related thereto. (A true and correct copy of the March 16, 2009 letter is attached hereto as Exhibit "B").

8. As a result of the March 16, 2009 letter and follow up communications, remaining funds in the Account were eventually turned over to the Trustee. However, the Trustee has not received the Account Records.

9. The Account Records are necessary for the Trustee to maximize the return to creditors of the estate and to determine the pre-petition disposition of the Debtor's property.

10. The Account Records sought by the Trustee are proper and relevant under Rule 2004 and the Trustee requests therefore that the relief sought herein be granted.

## JURISDICTION

11. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. § 105, Bankruptcy Rule 2004 and Local Rule 2004-1.

## RELIEF REQUESTED

12. By this Motion, the Trustee seeks an order pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, directing Prosperity to produce information and records related to any and all accounts maintained by the Debtor including but not limited to bank records, account statements, cancelled checks and any other information related to any account in the Debtor's name for the period January 1, 2003 to the present. The Trustee requests the production of such information within ten (10) days after the entry of an order granting this Motion, at the offices of Klehr Harrison Harvey Branzburg LLP, Attn: Linda Richenderfer, Esquire, 919 Market Street, Suite 1000, Wilmington, Delaware 19801. The Trustee has annexed a proposed form of order (the "Proposed Order"), and reserves the right to seek an examination and serve supplemental and additional document requests relating to the above-referenced matters.

## GROUNDS FOR RELIEF

13. Section 704 of the Bankruptcy Code requires the Trustee to investigate the financial affairs of the Debtor. The subject matter of this Motion is unquestionably related "to the acts, conduct, or property or to the liabilities and financial condition of the debtor," and impacts the administration of the Debtor's estate. Fed. R. Bankr. P. 2004(b).

14. The scope of inquiry under Bankruptcy Rule 2004 is intended to be very broad and permits the party invoking it a great latitude of inquiry, in the nature of a "fishing expedition." In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); In re Fearn, 96 B.R. 135, 137-38 (Bankr. S.D. Ohio 1989); In re GHR Energy Corp., 33 B.R. 451, 453 (Bankr. D. Mass. 1983) (scope of examination under Rule 2004 is "unfettered and broad").

15. Under the circumstances presented, the Trustee is entitled to examine the Debtor's financial documents and seek necessary information. The requested discovery relates directly to: (a) the financial condition of the Debtor; and (b) other matters relevant to the estate claims and property rights in this case. Thus, the need for the requested discovery meets the standards Courts have implemented under Bankruptcy Rule 2004.

16. The Trustee anticipates that it may be necessary to request the production of additional documents, and/or the depositions of persons and/or entities at a later time, depending on what the requested discovery reveals. The Trustee expressly reserves the right to make any additional requests regarding the issues set forth herein or any other issues, as necessary and appropriate, pursuant to Bankruptcy Rule 2004.

17. No previous application or motion for the relief sought herein as to Prosperity has been made to this or any other Court.

18. Prosperity will not be prejudiced by the relief requested as the records sought are limited to property of the Debtor's estate. Unless otherwise stated, the relevant time period covered by the Trustee's request for production of the Account Records is January 1, 2003 to the present.

### CERTIFICATION OF COUNSEL

19. As set forth herein, the Trustee requested the information set forth in this Motion from Prosperity as early as January 27, 2009 pursuant to Bankruptcy Local Rule 2004-1(b)(i). Counsel to the Trustee also conferred with representatives of Prosperity to request the information set forth in this Motion from Prosperity pursuant to Bankruptcy Local Rule 2004-1(b)(i).

Counsel's attempts to procure the information from Prosperity were unsuccessful and no agreement was reached.

20. Under these circumstances, the matters requested in this Motion are appropriate and within the scope of Bankruptcy Rule 2004.

## CONCLUSION

21. For the foregoing reasons, this Court should order Prosperity to produce the information set forth herein to the Trustee pursuant to Bankruptcy Rule 2004 as the requests properly seek information related to the Debtor's acts, conduct and property as it impacts the Debtor and the Debtor's estate.

WHEREFORE, the Trustee respectfully requests the Court to enter the Proposed Order: (a) directing Prosperity Bank to produce the Debtor's bank records, account statements, cancelled checks and any and all information related to any and all accounts in the Debtor's name within ten (10) days of the entry of the order; and (b) granting such other and further relief as the Court deems just and proper.

Dated: September 7, 2010
Wilmington, Delaware

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By: /s/ Linda Richenderfer
Linda Richenderfer, Esq. (DE Id. No. 4138)
Sally E. Veghte, Esq. (DE Id. No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
lrichenderfer@klehr.com
sveghte@klehr.com

*Counsel to George L. Miller,
Chapter 7 Trustee*