# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| FRANKLIN BANK CORPORATION, ) | Case No. 08-12924 (CSS) |
| ) | |
| Debtor. ) | |
| _____) | |
| GEORGE L. MILLER, CHAPTER 7 ) | |
| TRUSTEE OF THE ESTATE OF ) | |
| FRANKLIN BANK CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 10- |
| ) | |
| SHEARMAN & STERLING, LLP, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

George L. Miller, as Chapter 7 Trustee for Franklin Bank Corporation, by and through his undersigned counsel, Klehr Harrison Harvey Branzburg LLP, pursuant to Sections 547 and 550 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 7001, brings this adversary proceeding to avoid and recover certain preferential transfers made to Shearman & Sterling, LLP (the "Defendant"), and respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The claims and causes of action set forth herein concern the determination, allowance, and amount of claims under 11 U.S.C. §§ 547 and 550.

## PARTIES

3. The Plaintiff is George L. Miller, the Chapter 7 Trustee (the "Plaintiff" or the "Trustee") for Franklin Bank Corporation (the "Debtor") whose former place of business was located at 9800 Richmond Avenue, Suite #680, Houston, TX 77042.

4. Defendant is a multi-national law firm and upon information and belief its largest office is located at 599 Lexington Avenue, New York, NY 10022.

## FACTUAL BACKGROUND

5. The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on November 12, 2008 (the "Petition Date").

6. George L. Miller was appointed as Chapter 7 Trustee of the Debtor's estate.

7. Defendant provided pre-petition legal services for the Debtor in connection with securities class action complaints that were filed against the Debtor, its wholly owned subsidiary Franklin Bank, SSB (the "Bank") and various officers and directors of both the Debtor and the Bank (the "Securities Actions"). In addition, Defendant provided pre-petition legal services for the Debtor in connection with derivative litigation demands made on the Debtor ("Derivative Litigation").

8. Defendant issued, inter alia, the following invoices in connection with legal services performed for the Debtor in connection with the Securities Actions:

> Invoice number 2816362 dated August 8, 2008 in the amount of $11,616.00; and
>
> Invoice number 2818807 dated September 8, 2008 in the amount of $28,167.39.

9. Further, Defendant issued, inter alia, the following invoice in connection with legal services performed for the Debtor in connection with the Derivative Litigation:

Invoice number 2818813 dated September 8, 2008 in the amount of $5,148.50.

10. On October 3, 2008, the Debtor issued check number 5759 in the amount of $44,931.89 in payment of the three invoices listed in paragraphs 8 and 9 above. The check cleared on October 14, 2008.

## CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Preference Transfers - 11 U.S.C. § 547)

11. Plaintiff hereby incorporates by reference, as if set forth in full herein, paragraphs 1-10 above.

12. During the ninety (90) days prior to the Petition Date (the "Preference Period"), Defendant received from the Debtor a transfer in the amount of $44,931.89 by check 5759 dated October 3, 2008 (the "Transfer").

13. The Transfer was directly to or for the benefit of Defendant and in satisfaction of the invoices identified in paragraphs 8 and 9 above issued by Defendant.

14. The Defendant was a creditor of the Debtor at the time of the Transfer within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfer, the Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

15. The Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

16. The Transfer was made for or on account of an antecedent debt owed by the Debtor because the Transfer was on account of a debt that the Debtor was legally bound to pay before the Transfer was made within the meaning of 11 U.S.C. § 101 (12).

17. The Debtor was insolvent throughout the Preference Period within the meaning of the Bankruptcy Code, 11 U.S.C. §§ 101 (32)(A) and 547(b)(3), in that the sum of its debts was greater than the fair value of its assets.

18. As a result of the Transfer, the Defendant received more than it would have received if: (i) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) the Defendant received payment of its debts to the extent provided under the provisions of title 11.

19. On or about December 10, 2008, counsel for the Trustee sent a letter (the "Demand Letter") to Defendant requesting that Defendant return the Transfer to the Debtor.

20. As of the date hereof, the Defendant has not returned any of the Transfer to the Debtor.

21. The Plaintiff is entitled to avoid the Transfer pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

22. Plaintiff hereby incorporates by reference, as if set forth in full herein, paragraphs 1-21 above.

23. The Defendant was the initial transferee of the Transfer.

24. To the extent that the Transfer is avoided under 11 U.S.C. § 547 as a preference, the Debtor is entitled to recover the Transfer from the Defendant or any immediate or mediate transferee of the Defendant under 11 U.S.C. § 550 plus interest thereon to the date of payment and the costs of this action.

## COUNT III

### (Disallowance of all Claims - 11 U.S.C. § 502(d))

25. Plaintiff hereby incorporates by reference, as if set forth in full herein, paragraphs 1-24 above.

26. The Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code and is a transferee of Transfer avoidable under Section 547 of the Bankruptcy Code.

27. The Defendant has not paid the amount of the Transfer, or turned over such property for which the Defendant is liable under Section 550 of the Bankruptcy Code.

28. Pursuant to 11 U.S.C. § 502(d), any and all claims of the Defendant against the Debtor must be disallowed until such time as the Defendant pays to the Debtor an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court grant it the following relief against the Defendant:

    A. Enter a judgment holding that the Transfer identified herein and any other transfers from the Debtor to the Defendant during the Preference Period discovered after the date of this Complaint are avoided and set aside as Preferences under 11 U.S.C. § 547 and that the Debtor shall recover from the Defendant or any immediate or mediate transferee of the Defendant the Transfer and any other avoided transfers discovered after the date of this Complaint under 11 U.S.C. § 550;

    B. Disallow any claims of the Defendant if it refuses to turn over the Transfer to the Debtor pursuant to 11 U.S.C. § 502;

C.  Award pre-judgment interest at the maximum legal rate running from the time of the preference until the date of judgment herein;

D.  Award post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

E.  Award costs incurred in this suit; and

F.  Grant the Plaintiff such other and further relief as the Court deems just and proper.

Dated: November 9, 2010                     KLEHR HARRISON HARVEY
                                            BRANZBURG LLP

                                            */s/ Linda Richenderfer*
                                            Linda Richenderfer, Esq. (DE Bar # 4138)
                                            Sally E. Veghte, Esq. (DE Bar # 4762)
                                            919 Market Street, Suite 1000
                                            Wilmington, DE 19801

                                            *Counsel for George L. Miller, Chapter 7 Trustee*